S91A0387. JONES v. BATES et al.
(403 SE2d 804)

HUNT, Justice.

Christopher Jones' foot was burned by a lamp from which the heat shield had been removed during surgery.[1] At the time of the occurrence, August 30, 1985, Jones was 16 years old. His 18th birthday was May 12, 1987.

On May 11, 1989, Jones filed his complaint in two counts, alleging, in Count 1, simple negligence on the part of Bates and those under his control, and in Count 2, medical malpractice on the part of Bates. He did not attach a professional affidavit as required in medical malpractice cases under OCGA § 9-11-9.1. Bates raised that defense and Jones voluntarily dismissed. He refiled his action on January 16, 1990, within six months from his dismissal. A medical affidavit was attached to the renewed complaint. Thereafter, the trial court dismissed the entire complaint, upon Bates' motion, because it was

---

[1] Jones claims that Dr. Bates, or someone under his direction, removed the heat shield from a lamp which was providing illumination for the surgery. The medical records contained in the record on appeal indicate that an additional lamp was brought in by Dr. Bates. In either event, the intended result — greater illumination on the area of the operation — and the unintended result — the burned foot — were the same.

time-barred by OCGA § 9-3-73, relating to minors' claims of medical malpractice. On appeal, Jones challenges the constitutionality of OCGA § 9-3-73, if it in fact bars him, and argues that Count 1, sounding in simple negligence and battery, states a claim which would be unaffected by either the statute of limitation or the requirement of an affidavit. Thus, two issues are presented: (1) whether the malpractice claim was properly dismissed for any reason, and (2) if so, whether Count 1 states a claim which should not have been dismissed.

1. (a) Under the provisions of OCGA § 9-3-73, the trial court correctly concluded that Jones' claim was time-barred after August 29, 1987.[2] But the provisions of OCGA § 9-3-73 do not apply to Jones. That statutory provision deals with minors and actions brought on their behalf. When it became effective, Jones was no longer a minor. He reached his 18th birthday nearly two and one-half months before the effective date of the statute. Neither is Jones governed by OCGA § 9-3-71, providing for a limitation period of two years after the date of the injury because he was a minor at the time of the injury. Therefore, any medical malpractice claim he has against Bates is governed by the provisions of OCGA § 9-30-90:

> Minors . . . who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons.

Since Jones could file his claim within two years after reaching majority, and since he did so, his claim was not time-barred and it was error to dismiss it for that reason.[3]

(b) No professional affidavit was filed with Jones' original complaint. See OCGA § 9-11-9.1. When the complaint was refiled on January 16, 1990, an affidavit of the same date was attached. Under *St. Joseph's Hosp. v. Nease*, 259 Ga. 153, 155 (377 SE2d 847) (1989), Jones could renew this malpractice count only if it were shown that the required affidavit existed at the time of the original suit but was omitted from it by mistake. Accord OCGA § 9-11-9.1 (f). Jones concedes, and the trial court found, that no such affidavit existed. Since this issue was properly raised by Bates in the trial court and was, in fact, decided by the trial court, dismissal of the malpractice count was

---

[2] That is, two years after the cause of action arose. Neither the grace period provided by subsection (b) or (g) apply to Jones. He was not, obviously, under five on the effective date of the statute and since that date was less than two years from the injury, the act did not bar his claim before the effective date.

[3] If we were to assume, as did the trial court and the parties below, that OCGA § 9-3-73 applied to Jones, and if we were then to deal with its constitutionality, the result would be the same. See *Mansfield v. Pannell*, 261 Ga. 243 (404 SE2d 104) (1991), construing OCGA § 9-3-73 constitutional by engrafting a grace period of two years beyond its effective date.

required. In spite of its error concerning whether the claim was time-barred, the trial court's dismissal of that claim is affirmed.

2. The remaining question is whether the act complained of is something other than medical malpractice. If it is, dismissal of the first count of Jones' complaint was error.

> Simply because an alleged injury occurs in a hospital setting, a suit to recover for that injury is not necessarily a 'medical malpractice' action. See generally *Self v. Executive Committee*, 245 Ga. 548 (266 SE2d 168) (1980). Likewise, not every suit which calls into question the conduct of one who happens to be a medical professional is a 'medical malpractice' action.

*Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 109-110 (354 SE2d 872) (1987). The fact, then, that the tortfeasor has expert medical credentials does not, alone, make the case one of "medical malpractice." Medical malpractice exists only where the act or omission by the professional requires the exercise of expert medical judgment. *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App., supra.

In his complaint, Jones alleges:

> That in order to get better lighting into the area being operated- upon, the Defendants removed a protective lens on a light and left it near the Plaintiff's right foot. That, thereafter, the Plaintiff, whose leg had been anesthetized, was left unattended, but with the light still near his foot and left burning. That due to the proximity of the light to the Plaintiff's foot, the Plaintiff's foot was severely burned.

From these pleadings,[4] we cannot say that the claim is necessarily one of medical malpractice. The decision, in the first instance, to get more light to the operating site may well involve medical judgment. On the other hand, the decision to accomplish the goal of obtaining more light by removing a heat shield, or other protective device, from a lamp as opposed to bringing in another lamp or increasing the volume of overhead lights, would not. If that particular act, coupled with leaving the lamp near the foot for an extended period, is the heart of this claim, then simple negligence, not medical malpractice, is involved. Medical testimony, then, would not be essential to establish liability, the existence of an affidavit was not critical, and it was error

---

[4] This issue is resolved based on the status of the pleadings. Whether the presentation of evidence on this issue would require a different result, we cannot say. That question is not before us.

to dismiss Count 1.

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED MAY 10, 1991.

Charles H. Lyons III, Jack E. Boone, Jr., for appellant.

Fulcher, Hagler, Reed, Obenshain, Hanks & Harper, John I. Harper, Jeanne M. Hyder, for appellees.