A04A0846. MCG HEALTH, INC. v. CASEY.
A04A0847. CHOUDRI v. CASEY.
A04A0848. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM et al. v. CASEY.

(603 SE2d 438)

ANDREWS, Presiding Judge.

David Casey filed suit against Paul Houle, M.D.; Haroon Choudri, M.D.; Naren Gupta, M.D.;[1] Peter Brown, M.D.; MCG Health, Inc.; and the Board of Regents of the University System of Georgia, asserting he was injured while being treated at the Medical College of Georgia ("MCG"). The defendants appeal from the trial court's order denying their motions to dismiss based on Casey's failure to attach an expert affidavit to his original complaint. For reasons that follow, we reverse.

Casey's original complaint contained the following allegations that defendants assert were claims of medical malpractice requiring an expert affidavit:

> Prior to performing the cervical laminectomy surgery on David Casey, a document was provided for Plaintiff Casey's signature, entitled, "INFORMED CONSENT FOR SURGICAL AND/OR DIAGNOSTIC PROCEDURES." The document is signed by Plaintiff Casey and is dated October 12, 2000.
>
> Fourth Defendant Choudri and Sixth Defendant Brown surgically placed a titanium plate and screws into the person of Plaintiff Casey which were not approved of by the Food and Drug Administration.
>
> After the cervical laminectomy procedure of October 17, 2000, Plaintiff Casey was taken to a recovery room where he awoke in great pain. He was then taken to his room . . . still in great pain.

---

[1] Casey subsequently dismissed his complaint against Dr. Gupta without prejudice.

Plaintiff Casey requested pain medication from Third Defendant Paul Houle while in his room. . . .

Instead of providing Plaintiff Casey with needed pain medication, Third Defendant Dr. Houle negligently and unreasonably ordered Plaintiff Casey to "grab" his fingers ostensibly in order to test Casey's grip strength.

As Plaintiff Casey was responding to Third Defendant Dr. Houle's request, Third Defendant Dr. Houle negligently and unreasonably threw Plaintiff Casey's right arm in an upwards motion claiming that Plaintiff Casey was trying to break his fingers.

As a direct result of Third Defendant's act of throwing Plaintiff Casey's right arm into the air, Plaintiff Casey developed a life threatening hematoma on his spine and has suffered permanent disability, permanent partial paralysis[,] and permanent disfigurement.

The hematoma on Plaintiff Casey's spine required immediate evacuation and Plaintiff Casey was forced to undergo a second surgical procedure which would not have been required had Plaintiff Casey received reasonable and adequate post operative care.

Plaintiff Casey's injuries . . . are the direct . . . result of the negligent acts and omissions of Defendants.

Prior to the initial procedure, MCG agents and employees failed to adequately advise Ms. [sic] Casey of the significant risks of complications from the use of titanium plate and screws which were not approved of by the Food and Drug Administration.

Defendants [Board of Regents; MCG Health, Inc.; Dr Choudri; and Dr. Gupta] failed to warn Plaintiff Casey of Third Defendant Houle's negligent, poor, substandard, and unreasonable habits in administering post operative care.

The complaint sought compensatory and punitive damages and asserted theories of recovery based on negligence, battery, aggravated battery, assault, intentional infliction of emotional distress, and violations of the Georgia Racketeer Influenced and Corrupt Organizations (RICO) statute (OCGA § 16-14-6). Casey filed suit six months before the statute of limitation expired and did not attach an expert affidavit to his complaint. As the statute of limitation was not about to expire, Casey did not allege that he could not file an expert affidavit with the complaint due to time constraints. See OCGA § 9-11-9.1 (b).

Each of the defendants contemporaneously filed with their responsive pleading a motion to dismiss any allegations of professional

negligence in Casey's complaint on the grounds that Casey failed to file the expert affidavit required by OCGA § 9-11-9.1 (a). A few days before the expiration of the statute of limitation, Casey filed an amended complaint expressly asserting claims of medical negligence and incorporating an expert affidavit filed two days before. The defendants filed amended motions to dismiss asserting that Casey could not assert medical malpractice claims in his amended complaint because he failed to file an expert affidavit with his original complaint. The trial court denied the motions to dismiss and granted the parties an immediate certificate of review. We granted the defendants' applications for interlocutory appeal and now consider their claim that the trial court erred by denying their motions to dismiss.

OCGA § 9-11-9.1 (a) provides that "[i]n any action for damages alleging professional malpractice . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim."

> This contemporaneous filing requirement is not applicable, and a plaintiff has an automatic right to file the affidavit within 45 days of filing the complaint, however, in the following limited circumstances: (1) when the limitation period will expire within ten days of the date of filing the complaint; and (2) when the plaintiff alleges that because of the time constraints an expert affidavit could not be prepared. OCGA § 9-11-9.1 (b).

*Sullivan v. Fredericks*, 251 Ga. App. 790, 791 (554 SE2d 809) (2001). As the statute of limitation would not have expired ten days after Casey filed his original complaint, the exception to OCGA § 9-11-9.1 (a) does not apply, and Casey was required to contemporaneously file an expert affidavit to support any claims for professional negligence alleged in his complaint. See *Labovitz v. Hopkinson*, 271 Ga. 330, 336-337 (519 SE2d 672) (1999) (application of OCGA § 9-11-9.1 limited to "actions for professional *negligence*").[2] Thus, we must determine whether his complaint asserts any claims for professional negligence that are subject to dismissal with prejudice based on his failure to comply with OCGA § 9-11-9.1. Claims based on ordinary negligence or an intentional tort such as battery fall outside the

---

[2] Casey does not assert that he complied with OCGA § 9-11-9.1 through the affidavit attached to his amended complaint. Instead, he concedes that "[i]f this Court determines that the original complaint did contain a claim for medical malpractice, then any claim of professional malpractice in the original complaint is subject to dismissal with prejudice as well as any subsequent claims for professional negligence in Appellee's amended complaint."

requirements of OCGA § 9-11-9.1. See *Labovitz*, supra, 271 Ga. at 336-337; *Lamb v. Candler Gen. Hosp.*, 262 Ga. 70, 71 (1) (413 SE2d 720) (1992).

> Whether an action alleges professional [negligence] or simple negligence depends on whether the professional's alleged negligence required the exercise of professional judgment and skill. It is a question of law for the court to decide. A professional negligence . . . claim calls into question the conduct of the professional in his area of expertise. Administrative, clerical, or routine acts demanding no special expertise fall in the realm of simple negligence. We have previously held that a nurse's failure to activate an alarm, as a doctor ordered, was ordinary negligence. Likewise, claims that employees failed to carry out instructions and that hospitals failed to have appropriate equipment alleged ordinary negligence. However, if a claim of negligence goes to the propriety of a professional decision rather than to the efficacy of conduct in the carrying out of a decision previously made, the claim sounds in professional malpractice.

(Citations, punctuation and footnotes omitted.) *Upson County Hosp. v. Head,* 246 Ga. App. 386, 389 (540 SE2d 626) (2000).

We find that the following allegations in Casey's original complaint were ones of professional negligence for which an affidavit was required: (1) the use of titanium plates and screws that were not approved by the FDA; (2) the failure to inform Casey of the risk of using titanium plates and screws not approved by the FDA; and (3) Dr. Houle's decision to do a grip test instead of administering pain medication. Each of these alleged actions required the exercise of professional judgment and skill. To the extent any claims of respondeat superior liability were based on these claims of professional negligence, an affidavit was also required. See *Upson County Hosp. v. Head,* supra, 246 Ga. App. at 390-391. To the extent the amended complaint seeks damages based on these claims of professional negligence, it should be dismissed with prejudice. See *Epps v. Gwinnett County*, 231 Ga. App. 664, 666 (2) (499 SE2d 657) (1998) (failure to attach expert affidavit to original complaint fatal to allegations of medical malpractice in amended complaint "premised on the same factual allegations set forth in the original complaint"). See also *Fales v. Jacobs,* 263 Ga. App. 461, 462 (588 SE2d 294) (2003).

We further find that Casey's claim that Dr. Houle negligently threw his arm into the air during the grip strength test was not one of professional negligence for which an affidavit was required. This alleged conduct did not require the exercise of professional judgment

or skill. See *Blier v. Greene*, 263 Ga. App. 35, 38 (587 SE2d 190) (2003) (although alleged sexual assault and battery occurred during the therapy session, it did not involve the exercise of professional judgment and therefore cannot be construed as medical malpractice).

Accordingly, we reverse the trial court's order denying the defendants' motions to dismiss with prejudice any allegations of professional negligence in Casey's complaint and the amended complaint.

*Judgments reversed. Miller and Ellington, JJ., concur.*

DECIDED JULY 26, 2004 —
RECONSIDERATION DENIED AUGUST 13, 2004.

*Hull, Towill, Norman, Barrett & Salley, James S. Weston*, for MCG Health, Inc.

*Seacrest, Karesh, Tate & Bicknese, Gary L. Seacrest, Annarita M. Busbee, Peter Werdesheim*, for Choudri.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Stephen E. Curry*, for Board of Regents of the University System et al.

*George D. Bush, Martin C. Puetz*, for appellee.

