A09A1114. NAIL v. STATE OF GEORGIA et al.
(686 SE2d 483)

BERNES, Judge.

Carol G. Nail filed suit against the State of Georgia; the Department of Human Resources of the State of Georgia ("DHR"); Gateway Behavioral Health Services a/k/a Gateway Mental Health; several pharmaceutical companies; and various unnamed defendants, alleging, in pertinent part, that the defendants had negligently prescribed and distributed medication to her without warning of the potential side effects. The State and DHR contemporaneously filed an answer and a motion to dismiss the complaint, contending that Nail's claims were based on professional negligence and that she had failed to file the expert affidavit required by OCGA § 9-11-9.1

(a).[1] Following a hearing, the trial court granted the motion. On appeal, Nail contends that the trial court erroneously dismissed her failure to warn claim, arguing that her claim was based upon ordinary negligence to which the expert affidavit requirement did not apply. We disagree and affirm.

"A motion to dismiss based upon the lack of an expert affidavit is a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6)." (Citation and punctuation omitted.) *Liu v. Boyd*, 294 Ga. App. 224 (668 SE2d 843) (2008). On appeal from an order granting a motion to dismiss, we construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in her favor. *Williams v. Alvista Healthcare Center*, 283 Ga. App. 613, 613-614 (642 SE2d 232) (2007).

So viewed, Nail's complaint alleged that she was a patient at Gateway Mental Health, a facility operated by DHR. Nail alleged that while receiving medical treatment as a patient at the facility, she was prescribed and administered the drug Risperdal. According to Nail, her extended treatment with Risperdal caused her to develop Parkinson's disease, sustain frequent falls, and suffer severe injuries. Nail alleged, inter alia, that the defendants failed to adequately warn her that the medication could cause Parkinson's disease.

The trial court correctly determined that Nail's failure to warn claim against the State and DHR alleged professional negligence and that her failure to comply with the affidavit requirements of OCGA § 9-11-9.1 (a) warranted dismissal of her complaint.

> OCGA § 9-11-9.1 (a) requires that any action alleging professional [negligence] be accompanied by an expert affidavit setting forth "at least one negligent act or omission claimed to exist and the factual basis for each such claim." Thus, a § 9-11-9.1 affidavit is required when the issue is a defendant's compliance with a professional standard of conduct, but when professional judgment and skill are not involved, a § 9-11-9.1 affidavit is not required. Whether a complaint alleges ordinary negligence or professional [negligence] is a question of law for the court, regardless of how the plaintiff categorizes it.

(Citations and punctuation omitted.) *Liu*, 294 Ga. App. at 225-226

---

[1] The State and DHR also filed a motion to dismiss for lack of subject matter and personal jurisdiction, contending that they had not been served with process and were not proper parties to the lawsuit under the Georgia Tort Claims Act and the provisions governing Gateway's operation as a community service board. See OCGA § 50-21-20 et seq. See also OCGA §§ 37-2-6; 37-2-6.3 (b) and (c); 37-2-11.1 (c) (1). But see OCGA § 37-2-10 (b). The trial court, however, did not rule upon these additional grounds.

(1). A professional negligence claim calls into question the professional's conduct in his area of expertise. *MCG Health v. Casey*, 269 Ga. App. 125, 128 (603 SE2d 438) (2004). In contrast, ordinary negligence involves administrative, clerical, or routine acts that demand no special expertise. Id. "[I]f a claim of negligence goes to the propriety of a professional decision rather than to the efficacy of conduct in the carrying out of a decision previously made, the claim sounds in professional malpractice." (Citation omitted.) Id.

As to failure to warn claims involving medical prescriptions, we have previously explained that

> [i]t is the duty of the prescribing physician to know the characteristics of the drug he is prescribing, to know how much of the drug he can give his patient, to elicit from the patient what other drugs the patient is taking, to properly prescribe various combinations of drugs, to warn the patient of any dangers associated with taking the drug, to monitor the patient's dependence on the drug, and to tell the patient when and how to take the drug. . . . [T]he decision to employ prescription medication or medical devices involves professional assessment of medical risks in light of the physician's knowledge of a patient's particular need and susceptibilities.

(Citation and punctuation omitted.) *Chamblin v. K-Mart Corp.*, 272 Ga. App. 240, 243-244 (1) (612 SE2d 25) (2005).[2] Because a physician's warning of potential risks or side effects of prescription medications involves a professional assessment of the patient's particular medical history and susceptibility, the need for or extent of the warning presents a medical question requiring review of the physician's professional conduct and judgment. Accordingly, a claim alleging a physician's failure to warn the patient of the dangers or side effects associated with a prescription drug or medical device is a matter of professional negligence. See *Liu*, 294 Ga. App. at 226 (1) (concluding that physician's alleged failure to warn of the dangers associated with pain medication prescriptions presented an issue of professional negligence); *MCG Health*, 269 Ga. App. at 128 (concluding that physician's alleged failure to warn patient of the risk of using titanium plates and screws not approved by the FDA presented a professional negligence claim).

---

[2] Although Nail's complaint fails to designate the Gateway employees who prescribed or administered the medication to her, the duty to warn the patient of any dangers associated with a prescribed drug falls upon the prescribing physician. See *McCombs v. Synthes*, 277 Ga. 252, 253 (1) (587 SE2d 594) (2003); *Chamblin*, 272 Ga. App. at 243-244 (1).

Relying upon this court's decision in *Canas v. Al-Jabi*, 282 Ga. App. 764, 788-790 (2) (a) (639 SE2d 494) (2006), rev'd on other grounds, *Kaminer v. Canas*, 282 Ga. 830 (653 SE2d 691) (2007), Nail nevertheless argues that her claim alleging the failure to warn of a medical risk can be based upon ordinary rather than professional negligence. In *Canas*, the plaintiff brought what he characterized as an "administrative failure to warn claim." Id. at 770. He alleged that the defendants had negligently failed to notify blood transfusion recipients of their possible exposure to HIV. Id. at 789-790 (2) (a). Although the hospital had already made the medical judgment that using untested blood carried an unacceptable risk of infecting patients with HIV, the hospital's administrators made a purposeful decision not to notify the transfusion recipients of the risk based on concerns regarding the expense, logistical complexity, and legal implications of patient notification. Id. Under these unique circumstances, we held that the decision not to give notice of the medical risk was an administrative act based on ordinary negligence, rather than professional negligence. Id.

But Nail's claim in this case is distinguishable from that of *Canas*. Nail's claim is based upon an alleged failure to warn at the time the medicine was prescribed and administered to her, a context where the duty to warn falls squarely upon the physician and thus clearly involves the exercise of professional medical judgment. *Canas*, which involved an administrative failure to warn a patient of a risk of a treatment that had been performed years earlier, is therefore inapposite.

For these reasons, we conclude that Nail was required to file an expert affidavit in support of her failure to warn claim. Accordingly, the trial court properly granted the motion to dismiss.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 13, 2009.

*Phillips & Kitchings, Richard Phillips*, for appellant.
*Thurbert E. Baker, Attorney General, Claude M. Sitton, Assistant Attorney General*, for appellees.