A11A2390. KERR v. OB/GYN ASSOCIATES OF SAVANNAH et al.
(723 SE2d 302)

DOYLE, Presiding Judge.

Laurel B. Kerr filed a pro se complaint against OB/GYN Associates of Savannah ("OAS") and individual defendants, Dr. Jules Toraya and a medical assistant[1] (collectively "the Defendants"), alleging that she suffered injuries when a medical assistant employed at OAS negligently allowed her to fall off an examination table after the assistant injected Kerr with a vaccination. The trial court granted the Defendants' motion to dismiss on the ground that Kerr failed to file an expert affidavit with her original complaint in accordance with OCGA § 9-11-9.1 (a). Kerr appeals pro se, arguing that the trial court erred by granting the motion to dismiss because the claims alleged in her complaint sounded in ordinary rather than medical negligence, obviating the need for an expert affidavit. For the reasons that follow, we affirm in part and reverse in part.

---

[1] The complaint identified the medical assistant as "R. T.," the initials listed in Kerr's medical records.

On appeal, we conduct a de novo review of a trial court's ruling on a motion to dismiss. Our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts.[2]

Viewed in this light, Kerr's complaint alleges that on January 19, 2009, the medical assistant working for OAS administered a vaccination to Kerr via an injection. Kerr began feeling faint and fell off the examination table. The assistant attempted to prevent Kerr from falling to the floor, but Kerr was injured as a result of the fall. Kerr alleged that the assistant did not instruct Kerr to lie down on the examination table or take other steps to prevent her fall.

1. Kerr argues that the trial court erred by dismissing her complaint for failure to file an expert affidavit because the question of whether the medical assistant was negligent in allowing her to fall from the examination table after injecting Kerr with a vaccine is a question of ordinary negligence. Kerr explains that contrary to the findings of the trial court, her complaint did not allege any negligence in the administration of the vaccination itself, which she concedes would be a question of medical negligence. We agree.

Pursuant to OCGA § 9-11-9.1 (a), a plaintiff alleging medical negligence must file contemporaneously with the complaint an expert affidavit setting forth at least one negligent act or omission supporting each claim. The determination of whether a claim is one for medical negligence and therefore whether it requires expert support at filing is determined on the basis of whether the act or omission was made regarding a medical question.[3] "Medical questions have been defined as those concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence."[4] "[I]n cases involving a person's fall while in the care of medical professionals, it can be difficult to distinguish professional negligence from ordinary negligence. This distinction is a question of law for the court."[5]

In this case, the Defendants' "alleged liability does not turn on

---

[2] (Citation and punctuation omitted.) *Chandler v. Opensided MRI of Atlanta*, 299 Ga. App. 145 (682 SE2d 165) (2009), aff'd, *Opensided MRI of Atlanta v. Chandler*, 287 Ga. 406 (696 SE2d 640) (2010).

[3] See *Brown v. Tift County Hosp. Auth.*, 280 Ga. App. 847, 848-849 (635 SE2d 184) (2006).

[4] (Punctuation omitted.) Id. at 848-849.

[5] (Punctuation omitted.) Id. at 849.

a medical question, and a jury would be capable of determining without the help of expert evidence whether [OAS's] medical assistant exercised due care'' in attempting to prevent Kerr's fall off the examination table.[6] Thus, at least in part, the trial court erred by dismissing Kerr's complaint to the extent that she stated a claim for this alleged negligent act. At this point in the proceedings, this Court is unable to say whether the evidence Kerr presents will support her stated claim that the medical assistant negligently executed a merely physical act requiring no exercise of expert medical judgment or whether Kerr will only succeed in marshaling evidence that the medical assistant negligently exercised her professional judgment in treating Kerr's physical reaction to the injection. Nevertheless, Kerr has succeeded in stating a claim for the former, and to the extent that she did, the trial court erred by dismissing her complaint.[7]

2. Based on the foregoing, the trial court similarly erred by dismissing Kerr's claims of vicarious liability against OAS and Dr. Toraya for the alleged acts of simple negligence performed by the medical assistant.[8]

*Judgment affirmed in part and reversed in part. Ellington, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 8, 2012.

Laurel B. Kerr, *pro se*.
*Oliver, Maner & Gray, William P. Franklin, Jr.*, for appellees.

---

[6] (Punctuation omitted.) *Brown v. Durden*, 195 Ga. App. 340, 342 (393 SE2d 450) (1990) (physical precedent only). See also *Brown*, 280 Ga. App. at 849; *Jones v. Bates*, 261 Ga. 240, 242-243 (2) (403 SE2d 804) (1991).

[7] See *Jones*, 261 Ga. at 242-243 (2); *Health Mgmt. Assocs. v. Bazemore*, 286 Ga. App. 285, 287-288 (648 SE2d 749) (2007); *Chandler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 110-111 (2) (354 SE2d 872) (1987). Cf. *Moore v. Louis Smith Mem. Hosp.*, 216 Ga. App. 299, 300 (454 SE2d 190) (1995) (moving a patient from wheelchair to bed did not involve exercise of medical judgment and therefore statute of limitation for stated ordinary negligence claim could be tolled by plaintiff's mental incompetency).

[8] See *Health Mgmt. Assocs.*, 286 Ga. App. at 288.