**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 4, 2012**

# In the Court of Appeals of Georgia

A12A0235. OKELLEY v. ATLANTA HEART ASSOCIATES, P.C.

McFADDEN, Judge.

Jan OKelley appeals the dismissal of her lawsuit against Atlanta Heart Associates, P.C. because of her failure to file an OCGA § 9-11-9.1 malpractice affidavit. OKelley argues that her lawsuit is based on simple negligence, not malpractice, and she therefore was not required to file a malpractice affidavit. To the extent OKelley's complaint alleges professional negligence, the trial court properly granted Atlanta Heart Associates' motion to dismiss. To the extent the complaint can be construed to state a claim based on ordinary negligence, the trial court erred in granting the motion to dismiss. We therefore affirm in part and reverse in part.

In her complaint, OKelley alleged that she was a patient of Atlanta Heart Associates and underwent a treadmill stress test at Atlanta Heart Associates' offices.

A medical technician employee, whom OKelley named and sued as Jane Doe, was controlling the treadmill. The technician began increasing the speed, requiring OKelley to run. OKelley twice asked the technician to reduce the speed or to stop the treadmill because she was afraid she would fall, but the technician did not do so. OKelley collapsed and sustained injuries, including a fractured nose.

OKelley filed suit alleging that the technician was negligent for failing to stop the treadmill; for failing to warn of the test's danger; and for failing to follow the operating procedures she had been directed to follow. She alleged that Atlanta Heart Associates was negligent for failing to institute safe operating procedures for medical equipment, specifically the treadmill; for failing to adhere to any such operating procedures that had been formulated; for failing to sufficiently instruct and train the technician operating the treadmill; and for negligently entrusting the technician to conduct stress tests. Finally, OKelley alleged that Atlanta Heart Associates was liable under respondeat superior for the technician's negligence.

OKelley argues that the trial court erred by granting Atlanta Heart Associates' motion to dismiss for her failure to file an expert affidavit because the question of whether the medical technician was negligent in failing to reduce the speed or to stop the treadmill at OKelley's request is a question of ordinary negligence, not medical

2

negligence. OCGA § 9-11-9.1 (a) requires a plaintiff alleging medical negligence to file contemporaneously with the complaint an expert affidavit setting forth at least one negligent act or omission supporting each claim. *Kerr v. OB/GYN Assoc.*, __ Ga. App. __, __ (__ SE2d __) (Case No. A11A2390, decided Feb. 8, 2012). But the requirement does not apply to claims of ordinary negligence.

> The determination of whether a claim is one for medical negligence and therefore whether it requires expert support at filing is determined on the basis of whether the act or omission was made regarding a medical question. Medical questions have been defined as those concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence. In cases involving a person's fall while in the care of medical professionals, it can be difficult to distinguish professional negligence from ordinary negligence. This distinction is a question of law for the court.

(Citation and punctuation omitted.) *Kerr*, __ Ga. App. at __. See also *MCG Health v. Casey*, 269 Ga. App. 125, 128 (603 SE2d 438) (2004) ("Administrative, clerical, or routine acts demanding no special expertise fall into the realm of simple negligence. However, if a claim of negligence goes to the propriety of a professional decision rather than to the efficacy of conduct in the carrying out of a decision

3

previously made, the claim sounds in professional malpractice.") (Citation and punctuation omitted.) .

Here, at least in part, the defendants' alleged liability does not turn on a medical question but rather on the technician's ignoring OKelley's warning that she was going to fall.

> At this point in the proceedings, this [c]ourt is unable to say whether the evidence [OKelley] presents will support her stated claim that the [technician] negligently executed [an] . . . act requiring no exercise of expert medical judgment or whether [OKelley] will only succeed in marshaling evidence that the [technician] negligently exercised her professional judgment in [declining to stop the treadmill at OKelley's request]. Nevertheless, [OKelley] has succeeded in stating a claim for the former, and to the extent that she did, the trial court erred by dismissing her complaint.

*Kerr*, __ Ga. App. at __ . See also *Health Mgmt. Assoc. v. Bazemore*, 286 Ga. App. 285 (648 SE2d 749) (2007) (holding that to the extent the complaint alleged the professional negligence of a licensed health care professional, the trial court erred by denying motion to dismissal for failure to file OCGA § 9-11-9.1 affidavit; to the extent the complaint could be construed to state a claim based on ordinary negligence, trial court properly denied motion to dismiss); *Jones v. Bates*, 261 Ga. 240, 242 (2)

(403 SE2d 804) (1991) ("From these pleadings, we cannot say that the claim is necessarily one of medical malpractice.").

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Adams, J., concur.*