**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 21, 2016**

# In the Court of Appeals of Georgia

A16A0925. CARTER v. CORNWELL et al.

RICKMAN, Judge.

Following her arrest for altering a prescription to illegally obtain a controlled substance, Tami Carter filed a complaint against William O. Cornwell, M. D., and his practice TCFPA Family Medical Centers, P. C.[1] alleging that her arrest was due to Cornwell and TCFPA's negligence. Cornwell and TCFPA filed a motion to dismiss on the basis that Carter failed to file an expert affidavit with her complaint as required by OCGA § 9-11-9.1. The trial court granted the motion and dismissed the complaint and Carter appeals that order, contending that the trial court erred by granting the motion to dismiss because her claims sounded in simple negligence rather than

---

[1] She also sued Walgreen Co. but it is not a party to this appeal.

professional malpractice and thus an expert affidavit was not required. For the following reasons, we affirm in part and reverse in part.

"We review a trial court's ruling on a motion to dismiss de novo, viewing all well-pled allegations in the complaint as true." (Citation omitted.) *Hobbs v. Great Expressions Dental Centers of Ga., P. C.*, 337 Ga. App. 248 (786 SE2d 897) (2016).

So viewed, the record shows that Cornwell had been Carter's physician since 1998 and he treated her for chronic pain. On a visit in August 2014, Cornwell wrote Carter a prescription for 120 pills of hydrocodone. Before Carter left his office, Cornwell decided to change the quantity of pills on the prescription from 120 to 180 and altered the prescription to reflect that change.

Carter took the prescription to Walgreens and dropped it off. Assuming the prescription had been altered by Carter, a Walgreens employee called TCFPA and spoke to Cornwell's partner who was the on-call physician at the time. The on-call physician was not aware that Cornwell had altered the prescription and did not call Cornwell to verify if he had done so. When Carter arrived back at Walgreens to pick up her pills she was arrested for altering a prescription to illegally obtain a controlled substance.

Carter contends that the trial court erred by granting the motion to dismiss because her claims against Cornwell and TCFPA sounded in simple negligence rather than professional malpractice and thus an expert affidavit was not required. We disagree that Carter's claim against Cornwell for altering her prescription for hydrocodone instead of writing a new prescription is a claim for simple negligence. However, we agree that Carter's claim against TCPFA for failing "to exercise ordinary care in handling on call responsibilities for its patients" was for simple negligence and not professional malpractice and thus an expert affidavit was not required.

OCGA § 9-11-9.1 (a) provides, in pertinent part, that "[i]n any action for damages alleging professional malpractice . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim."

By negative implication, an expert affidavit is not required for claims averred in a complaint that are based on acts or omissions constituting simple negligence rather than professional malpractice. Whether the alleged acts or omissions constitute simple negligence or professional malpractice is a question of law for the court to resolve. The resolution of whether an act or omission sounds in simple

3

negligence or medical malpractice depends on whether the conduct, even if supervisory or administrative, involved a medical judgment. 'Medical judgments' are decisions which normally require the evaluation of the medical condition of a particular patient and, therefore, the application of professional knowledge, skill, and experience.

(Citations and punctuation omitted.) *James v. Hosp. Auth. of City of Bainbridge*, 278 Ga. App. 657, 659 (1) (629 SE2d 472) (2006).

In this case, Carter concedes that when Cornwell decided which controlled substance to prescribe and the dose needed to treat Carter's pain he was acting in his professional capacity. However, Carter argues that when Cornwell changed the quantity of pills from 120 to 180 he was no longer using his professional judgment because he was only carrying out his decision to prescribe Carter hydrocodone and thus would be liable for simple negligence not professional malpractice.

Administrative, clerical, or routine acts demanding no special expertise fall in the realm of simple negligence. We have previously held that a nurse's failure to activate an alarm, as a doctor ordered, was ordinary negligence. Likewise, claims that employees failed to carry out instructions and that hospitals failed to have appropriate equipment alleged ordinary negligence. However, if a claim of negligence goes to the propriety of a professional decision rather than to the efficacy of conduct in the carrying out of a decision previously made, the claim sounds in professional malpractice.

4

(Footnotes omitted.) *Upson County Hosp., Inc. v. Head*, 246 Ga. App. 386, 389 (1) (540 SE2d 626) (2000).

> Pursuant to OCGA § 16-13-41 (a), (b):

> [n]o controlled substance in Schedule II may be dispensed without the written prescription of a registered practitioner. . . . When a practitioner writes a prescription drug order to cause the dispensing of a Schedule II substance, he or she shall include the name and address of the person for whom it is prescribed, the kind and quantity of such Schedule II controlled substance, the directions for taking, the signature, and the name, address, telephone number, and DEA registration number of the prescribing practitioner. Such prescription shall be signed and dated by the practitioner on the date when issued, and the nature of such signature shall be defined in regulations promulgated by the State Board of Pharmacy.[2]

Carter's claim against Cornwell calls into question his professional judgment in altering the quantity of pills on the prescription that he wrote. Regardless of the reason Cornwell altered the quantity of pills on the prescription, we will not make a distinction between writing the dose of a controlled substance and the quantity of the same. In Georgia, only a registered practitioner may write a prescription for

---

[2] Hydrocodone is a Schedule II controlled substance. See OCGA § 16-13-26 (1) (A) (ix).

hydrocodone and, on the prescription, the practitioner must write the kind and quantity of hydrocodone.

> [I]t is the duty of the prescribing physician to know the characteristics of the drug he is prescribing, to know how much of the drug he can give his patient, to elicit from the patient what other drugs the patient is taking, to properly prescribe various combinations of drugs, to warn the patient of any dangers associated with taking the drug, to monitor the patient's dependence on the drug, and to tell the patient when and how to take the drug. The decision to employ prescription medication or medical devices involves professional assessment of medical risks in light of the physician's knowledge of a patient's particular need and susceptibilities.

(Citation, punctuation, and footnote omitted.) *Nail v. State*, 301 Ga. App. 7, 9 (686 SE2d 483) (2009) (addressing failure to warn claim involving a medical prescription).

Writing a prescription for a controlled substance "[is a] decision[] which normally require[s] the evaluation of the medical condition of a particular patient and, therefore, the application of professional knowledge, skill, and experience." *Dent v. Mem. Hosp. of Adel*, 270 Ga. 316, 318 (509 SE2d 908) (1998). Thus, the trial court did not err in dismissing Carter's claim against Cornwell for failure to file an expert affidavit along with her complaint. See *James*, 278 Ga. App. at 658-660 (1) (trial court properly concluded that plaintiff's claims against physician for misdiagnosis

6

were for professional malpractice not simple negligence); see also *MCG Health, Inc. v. Casey*, 269 Ga. App. 125, 128 (603 SE2d 438) (2004) (plaintiff's allegation against physician for failing to administer pain medication, using plates and screws not approved by the FDA, and failing to inform plaintiff of the risk of using the plates and screws were claims involving professional malpractice not simple negligence); *Shirley v. Hosp. Auth. of Valdosta/Lowndes County*, 263 Ga. App. 408, 409-410 (1) (587 SE2d 873) (2003), overruled on other grounds by *Chandler v. Opensided MRI of Atlanta, LLC*, 299 Ga. App. 145, 157 (2) (b) (682 SE2d 165) (2009) (whether hospital employees properly applied surgical solution on plaintiff is a question that involves expert medical judgment and thus the trial court did not err in treating the claim as one for professional malpractice); *Herndon v. Ajayi*, 242 Ga. App. 193, 194 (2) (532 SE2d 108) (2000) (plaintiff's claims against physician for failing to inform him of the importance of keeping a follow up appointment after surgery and failing to contact him after he missed his appointment were for professional malpractice and not simple negligence).

However, we find that Carter's claim against TCFPA for failing to properly handle on call responsibilities because the physician on call did not make an effort to call Cornwell after he or she was contacted by Walgreens or have any procedure

to verify the prescription "was not one of professional negligence for which an affidavit was required." *MCG Health, Inc*, 269 Ga. App. at 128. "This alleged conduct did not require the exercise of professional judgment or skill." Id. Professional judgment or skill is not involved in simply verifying if a patient is in lawful possession of a prescription for a controlled substance. "[N]ot every suit which calls into question the conduct of one who happens to be a medical professional is a medical malpractice action. We must look to the substance of an action against a medical professional in determining whether the action is one for professional or simple negligence." (Footnotes omitted.) *Atlanta Women's Health Group v. Clemons*, 287 Ga. App. 426, 427 (651 SE2d 762) (2007).

In this case, the allegations against TCFPA do not turn on a medical question. The on-call physician was not utilizing professional judgment or medical expertise when he or she failed to contact Cornwell after speaking with the Walgreens employee. Thus, the trial court erred when it granted TCFPA's motion to dismiss for failure to file an expert affidavit. See *MCG Health*, 269 Ga. App. at 128 (plaintiff's claim against physician was for simple negligence not professional malpractice); see also *Kerr v. OB/GYN Associates of Savannah*, 314 Ga. App. 40, 41-42 (1) (723 SE2d 302) (2012) (trial court erred by dismissing plaintiff's complaint for failure to attach

expert affidavit because plaintiff's claim against medical assistant was for simple negligence); *OKelley v. Atlanta Heart Assoc., P. C.*, 316 Ga. App. 218, 219-220 (728 SE2d 313) (2012).

*Judgment affirmed in part, reversed in part. Barnes, P. J., and Boggs, J., concur.*

9