**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**June 26, 2024**

# In the Court of Appeals of Georgia

A24A0585. ZAMMIT et al. v. HOBSON & HOBSON, P.C.

GOBEIL, Judge.

In this case, Leah Zammit, Bradley Weidemann, Loddie Knowles, and Gentry Law Firm, LLC (collectively "Defendants"), appeal from the trial court's denial of their motion to dismiss Hobson & Hobson, P.C.'s ("Hobson") complaint alleging breach of contract, tortious interference, and related claims. For the reasons set forth below, we affirm the judgment of the trial court.

This Court reviews de novo a trial court's ruling on a motion to dismiss for failure to state a claim, "construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor," *Babalola v. HSBC Bank, USA, N. A.*, 324 Ga. App. 750, 750 (751 SE2d 545) (2013) (citation and

punctuation omitted), and "viewing all well-pled allegations in the complaint as true," *Carter v. Cornwell*, 338 Ga. App. 662, 662 (791 SE2d 447) (2016) (citation and punctuation omitted).

So viewed, the record shows that Hobson is a family law law firm based in Marietta. Zammitt, Weidemann, and Knowles are former Hobson employees. Zammitt worked for Hobson as a senior attorney and "Director of Legal" from March 1, 2022, until May 2023. Weidemann worked as an associate attorney from June 1, 2022, until March 24, 2023. Knowles worked as a paralegal from May 16, 2022, until January 4, 2023. All three employees signed and agreed to a "Non-Solicitation Policy" in connection with their employment at Hobson. The Policy language was the same for each employee, stating in pertinent part:

> By working here, you agree that any attempt on your part to induce other employees or contractors to leave the employer's employ or any effort to interfere with the employer's relationship with its other employees and contractors would be harmful and damaging to the employer. You agree that during your term of employment with Hobson & Hobson, P.C. and for a period of twelve (12) months after the end of that term, you will not in any way, directly or indirectly:

1. Induce or attempt to induce any employee or contractor of the employer to quit employment or retainer with the employer;

2. Otherwise interfere with or disrupt the employer's relationship with its employees and contractors;

3. Discuss employment opportunities or provide information about competitive employment to any of the employer's employees or contractors; or

4. Solicit, entice, or hire away any employee or contractor of the employer for the purpose of an employment opportunity that is in competition with the employer.

Zammitt, Weidemann, and Knowles all began working for a competing law firm, Gentry, after they left their employment with Hobson. After their exit, other attorneys left Hobson to work for Gentry.

In May 2023, Hobson filed a complaint alleging that the employee defendants violated its Non-Solicitation Policy by inducing or attempting to induce each other and other Hobson employees to work for Gentry. Hobson raised claims of breach of contract against Zammitt, Weidemann, and Knowles (Count 1); breach of duty of loyalty against Zammit (Count 2), as she was a high-level employee at the firm; aiding

3

and abetting a breach of duty of loyalty against Gentry (Count 3); and tortious interference with business and contractual relations against Gentry (Count 4). Hobson sought attorney fees and costs, and sought an injunction to prevent the employee defendants from continuing to violate their employment agreements.

Defendants filed a motion to dismiss. After a hearing, the trial court denied the motion, but certified its order for immediate review. We then granted Defendants' application for interlocutory appeal in Case No. A24I0043, and this appeal followed.

1. On appeal, Defendants first assert that the trial court erred in denying their motion to dismiss because the Non-Solicitation Policy is unenforceable for failing to include a geographic restriction as required by OCGA § 13-8-53 (a). Although we agree that the Non-Solicitation Policy contains no geographic restriction, we nonetheless affirm the trial court's order denying the motion to dismiss because the statute provides a remedy, within the discretion of the trial court, that could leave viable breach-of-contract claims for Hobson.

Under Georgia's Restrictive Covenants Act (the "Act"), OCGA § 13-8-50 et seq., "contracts that restrict competition during the term of a restrictive covenant" may be enforced "so long as such restrictions are reasonable in time, geographic area,

4

and scope of prohibited activities." OCGA § 13-8-53 (a). The Act governs "employee no-hire and employee no-solicitation covenants" such as the ones at issue here. *Belt Power, LLC v. Reed*, 354 Ga. App. 289, 293-294 (2) (a) (840 SE2d 765) (2020). Generally, if a non-solicitation covenant restricts an employee's actions after the end of the parties' business relationship, it *must* contain a geographic limitation, or it is void and unenforceable. OCGA § 13-8-53 (a). See *North American Senior Benefits, LLC v. Wimmer*, 368 Ga. App. 124, 127-131 (2) (889 SE2d 361) (2023) (where non-solicitation covenant, even when read "forgivingly," did not include geographic description of the area in which an employee's post-termination activities were restricted, it was void and unenforceable). "[A]ny description that provides fair notice of the maximum reasonable scope of the restraint shall satisfy" the geographic description requirement, "even if the description is generalized or could possibly be stated more narrowly to exclude extraneous matters." OCGA § 13-8-53 (c) (1).

The parties here disagree about whether Hobson's Non-Solicitation Policy (which, as written, applies during the employees' terms of employment and 12 months after) includes a geographic restriction sufficient to be enforceable under OCGA § 13-8-53 (a). Defendants argue that the Policy contains no such restriction at all, and it

5

must be declared void, while Hobson argues that including the word "here" in the first sentence of the Policy put the defendant employees on notice that the Policy was meant to apply to Hobson's physical office in Marietta, where all employees of the firm worked. Given our holding in *Wimmer*, we agree with Defendants.

The Non-Solicitation Policy, quoted above, does not contain a description of the geographic area in which the employee defendant's post-employment activities would be restricted. The inclusion of the word "here" in the opening sentence does not serve as a geographic description as argued by Hobson. We rejected a similar argument in *Wimmer*. The plaintiff employer in *Wimmer* argued similarly that "because the restrictive covenant prohibits the [defendants] from soliciting [plaintiff employer's] agents, and those agents only operate in the United States, the restrictive covenant has a geographic limitation — the United States — which is reasonable, given that [plaintiff employer's] business is nationwide." 368 Ga. App. at 129 (2). Although here, Hobson's business is contained primarily in one city, our rejection of such argument was not based on the size of the geographic area at stake. Rather, it was based on the fact that the policy itself did not include a geographic restriction, and one could not be inferred simply because the policy limited the persons who could not be

6

solicited. Id. at 129-130 (2). The same is true in this case. Although Hobson's Non-Solicitation Policy may limit the persons to whom it applies, allowing this language to take the place of the statute's requirement for a geographic restriction "is inconsistent with the language in both OCGA §§ 13-8-53 and 13-8-56 and would not afford the statutory text its plain and ordinary meaning." Id. at 129 (2). And, when read naturally, the "here" simply clarifies that the covenant is a condition of employment with Hobson. Thus, we agree with Defendants that the Non-Solicitation Policy is void insofar as it restricts post-employment actions by the defendant employees.

However, our above analysis may not defeat Hobson's claims in full. The Act also provides:

> if a court finds that a contractually specified restraint does not comply with the provisions of [this Act], then the court may modify the restraint provision and grant only the relief reasonably necessary to protect such interest or interests and to achieve the original intent of the contracting parties to the extent possible.

OCGA § 13-8-54 (b). This is known as the Act's "blue pencil" provision. See *Belt Power*, 354 Ga. App. at 294 (2) (b). See also OCGA § 13-8-53 (d) ("[A] court may modify a covenant that is otherwise void and unenforceable so long as the modification

7

does not render the covenant more restrictive with regard to the employee than as originally drafted by the parties."). Whether to so modify an otherwise unenforceable restriction is within the discretion of the trial court. *Belt Power*, 354 Ga. App. at 294-295 (2) (b). We have held in similar circumstances that the trial court may not write into a policy — such as the one at issue in this case — a geographic description that would save its enforceability for actions taken after the employee defendants' terms of employment. See *Wimmer*, 368 Ga. App. at 133 (3) (courts may not use the Act's blue-pencil provision to "add" or "supply" missing terms). However, it would be within the court's discretion to amend the Policy in such a way that would render it enforceable for actions taken while the defendant employees were still employed by Hobson. See OCGA § 13-8-56 (4) ("Any restriction that operates *during* the term of an employment relationship . . . shall not be considered unreasonable because it lacks any specific limitation upon scope of activity, duration, or geographic area so long as it promotes or protects the purpose or subject matter of the agreement or relationship or deters any potential conflict of interest.") (emphasis supplied). See also *Wimmer*, 368 Ga. App. at 125 (noting that our holding a non-solicitation provision unenforceable for failure to include a geographic description "address[ed] the

enforceability of the covenant only insofar as it appli[ed] to post-association conduct").

Accordingly, the breach of contract claims survive dismissal on this issue, because we cannot say that Hobson "could not possibly introduce evidence within the framework of the complaint" establishing that one or more of the individual defendants engaged in prohibited conduct while still employed by Hobson. *Hendon Properties v. Cinema Dev.*, 275 Ga. App. 434, 435 (620 SE2d 644) (2005) (citation and punctuation omitted). Defendants likewise identify no allegations in the complaint that "disclose with certainty that" Hobson would not be able to establish such prohibited conduct. Id. (citation and punctuation omitted).

2. Defendants next argue that, to the extent Hobson's claims survive despite the Policy's lack of geographic restriction, the Non-Solicitation Policy is also unenforceable in whole because it violates Georgia Rule of Professional Conduct ("GRPC") 5.6. GRPC 5.6 governs employment agreements that restrict the right of a lawyer to practice after termination of an employment agreement. Both parties agree that Georgia courts have not yet considered whether a non-solicitation-of-employees restriction violates GRPC 5.6.

The relevant part of the rule at issue states: "A lawyer shall not participate in offering or making . . . a partnership or employment agreement that restricts the right of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement[.]" GRPC 5.6 (a). The comment to the rule states: "An agreement restricting the right of partners or associates to practice after leaving a firm not only limits their professional autonomy but also limits the freedom of clients to choose a lawyer. Paragraph (a) prohibits such agreements except for restrictions incident to provisions concerning retirement benefits for service with the firm." GRPC 5.6, Comment [1].

Although uncommon, we have declared private contracts that include attorneys unenforceable for violating attorney disciplinary standards, finding those contracts contrary to public policy. See, e.g., *Eichholz Law Firm, P.C. v. Tate Law Group, LLC*, 310 Ga. App. 848, 850-853 (1) (714 SE2d 413) (2011) (voiding a fee-splitting agreement which violated GRPC 1.5 (e) (2), on the basis that "OCGA § 13–8–2 (a) provides that 'a contract that is against the policy of the law cannot be enforced'") (citation and punctuation omitted); *Brandon v. Newman*, 243 Ga. App. 183, 186-187 (3) (b) (532 SE2d 743) (2000) (voiding an attorney referral reward based on a fee-

splitting agreement that violated the Disciplinary Standards of Conduct of the ABA's Code of Professional Responsibility, concluding that the agreement was contrary to public policy). However, our Supreme Court "has long emphasized that courts must exercise extreme caution in declaring a contract void as against public policy and may do so only where the case is free from doubt and an injury to the public clearly appears." *Innovative Images, LLC v. Summerville*, 309 Ga. 675, 681 (3) (a) (848 SE2d 75) (2020) (citation and punctuation omitted).

At this stage of the proceeding, because we have only the allegations of the complaint, which we must construe in Hobson's favor, we have no evidence to determine whether the Policy restricted the rights of Zammit or Weidemann to practice after termination of their employment with Hobson. First, we do not find that employee non-solicitation policies categorically violate GRPC 5.6. And, this is not a case that is "free from doubt" that would allow us to declare this Policy void. *Innovative Images*, 309 Ga. at 681 (3) (a). Accordingly, we see no error in the trial court's judgment on this issue.

3. Defendants next argue that the breach-of-contract claim against Knowles must be dismissed because she is not subject to the Act and thus the Non-Solicitation Policy cannot be enforced against her. We find no error.

Under the Act, "enforcement of contracts that restrict competition after the term of employment . . . shall not be permitted" against an employee unless they have certain job duties within the course of their employment. OCGA § 13-8-53 (a). These duties, as further specified in the statute, include: regularly and customarily soliciting customers for the employer; regularly and customarily making sales or obtaining orders or contracts; managing the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof while directing the work of two or more other employees and having hiring or firing authority (or having particular weight given to the employee's hiring, firing, or change of status recommendations); or performing the duties of a key employee or a professional. OCGA § 13-8-53 (a) (1) - (4). Defendants argue that Hobson did not allege that Knowles, as a paralegal, performed any of these duties, and thus the Policy is unenforceable against her.

We conclude that the amended complaint makes sufficient allegations to survive a motion to dismiss that Knowles performed the duties of a key employee. A "key employee" is defined in the Act as, among other things, "an employee in possession of selective or specialized skills, learning, or abilities or customer contacts or customer information who has obtained such skills, learning, abilities, contacts, or information by reason of having worked for the employer." OCGA § 13-8-51 (8). Hobson states in the complaint that Knowles, during her employment with the firm, received specialized training and worked closely with its clients, exposing her to non-public information about clients. Though it is unclear whether Hobson can prove that Knowles is subject to the Act, at this stage of the proceeding and resolving all doubts in Hobson's favor, we discern no error.

4. Finally, Defendants argue that Count 4, the tortious interference claim against Gentry, must be dismissed because it is premised on the unenforceable Non-Solicitation Policy. Based on our discussion above, we discern no error on this issue. Accordingly, Hobson's claims are sufficient to withstand Defendants' motion to dismiss, and we affirm the trial court's judgment.

*Judgment affirmed. Barnes, P. J., and Pipkin, J., concur.*