A08A2246. HAMILTON-KING et al. v. HNTB GEORGIA, INC. et al.

(715 SE2d 476)

PHIPPS, Presiding Judge.

This is the second appearance of this case in this court. In the first appearance, Lakeisha Hamilton-King and others appealed from the grant of summary judgment to an architectural engineering firm and general contractor based on the trial court's determinations that expert testimony was inadmissible and that, without expert testimony to establish the standard of care and breach thereof, the evidence was insufficient to create an issue of material fact as to liability.[1] We reversed the grant of summary judgment to the defendants, holding that the expert's testimony should not have been excluded.[2] On certiorari, the Supreme Court of Georgia held that the expert testimony was inadmissible, reversed this court's decision and remanded the case for this court to determine whether a simple negligence claim remains and, if so, whether a genuine issue of material fact remains as to that claim.[3] We hold that no simple negligence claim remains. Accordingly, we adopt the opinion of the Supreme Court and affirm the judgment of the trial court granting summary judgment to the defendants.

Hamilton-King and her brothers (collectively, the Hamiltons) were involved in an automobile accident at night in a bridge construction zone on Interstate 95.[4] The Hamiltons exited their vehicle and, shortly thereafter, were struck by another vehicle; the Hamiltons were injured, one fatally.[5]

Alleging that their injuries were caused wholly or in part by a lack of proper lighting and signage leading up to and in the construction area, the Hamiltons filed a negligence action against the architectural engineering firm that designed the construction project, HNTB Georgia, Inc., and the general contractor for the project, Plant Improvement Company, Inc. In their complaint, the Hamiltons alleged that HNTB had a duty to exercise reasonable care in drafting architectural plans for the project, and that it breached

---

[1] *Hamilton-King v. HNTB Ga.*, 296 Ga. App. 864 (676 SE2d 287) (2009).

[2] Id. at 869 (2).

[3] *HNTB Ga. v. Hamilton-King*, 287 Ga. 641 (697 SE2d 770) (2010).

[4] *Hamilton-King*, supra, 296 Ga. App. at 864-865.

[5] Id.

that duty by failing to call for proper lighting and proper signage in the area. As to Plant Improvement, the Hamiltons alleged that it had a duty to exercise reasonable care in properly implementing its contract with and specifications provided to it by the Georgia Department of Transportation (DOT), "in accordance with generally accepted standards in effect at the time of construction"; and that it breached its duty by failing to implement proper lighting in and proper signage leading up to the work area, as required by the Manual on Uniform Traffic Control Devices (MUTCD).

To support their negligence claims, the Hamiltons relied upon the testimony of two professional engineers; the expert testimony, they maintained, showed that the bridge should have had shoulders or, in the absence of shoulders, lighting and additional signage. One of the engineers averred that the MUTCD does not address every condition encountered in a construction zone and, as such, the MUTCD requires the use of engineering judgment, which judgment is part of a traffic control plan.

HNTB moved to exclude the experts' testimony, challenging the witness's qualifications and opinions. HNTB also moved for summary judgment, arguing that the Hamiltons' claim against it was for professional negligence and that there was no admissible evidence of the standard of care or breach thereof. In responding to these motions, the Hamiltons did not deny that their claim was one for professional negligence. Instead, they pointed to what they urged was admissible expert evidence of HNTB's breach of the standard of professional care, and contended that summary judgment was therefore not warranted.

Plant Improvement also moved for summary judgment, arguing, among other things, that one of the Hamiltons' experts had conceded that lighting was not required in the area and that he could not conclude that the lack of signage caused either collision. In opposing this motion, the Hamiltons pointed to evidence that Plant Improvement was responsible for developing a traffic control plan for the project and to expert testimony regarding alleged safety deficiencies in the construction zone (including failure to comply with the MUTCD). The Hamiltons argued that the credibility to be given the expert witnesses and the weight to be given that testimony was for the jury to determine.

At issue at this point in the proceedings is the following: Did the Hamiltons assert a simple (ordinary) negligence claim against HNTB and Plant Improvement? If so, do genuine issues of material fact remain regarding any such claims?

Whether a complaint alleges ordinary negligence or professional malpractice is a question of law for the court,

regardless of how the plaintiff categorizes it. Although complaints against professionals may state claims based on ordinary as well as professional negligence, where the allegations of negligence against a professional involve the exercise of professional skill and judgment within the professional's area of expertise, the action states professional negligence. If a claim of negligence goes to the propriety of a professional decision rather than to the efficacy of conduct in the carrying out of a decision previously made, the claim sounds in professional malpractice. However, administrative, clerical, or routine acts demanding no special expertise fall in the realm of simple negligence.[6]

1. *Did the Hamiltons assert a simple negligence claim against HNTB?* In their complaint, the Hamiltons alleged that HNTB was liable because it had a duty to exercise reasonable care in drafting architectural plans in substantial compliance with generally accepted engineering or design standards, and that it breached that duty. Notably, when HNTB moved for summary judgment, the Hamiltons' opposition thereto discussed the testimony of the experts, and contained no argument that the complaint was based on ordinary negligence. The Hamiltons' allegations of negligence against HNTB involved the exercise of professional skill and judgment within HNTB's area of expertise, and went to the propriety of its professional decisions rather than to the efficacy of its conduct in carrying out decisions previously made.[7] Thus, the claim against HNTB sounded in professional malpractice only;[8] no simple negligence claim was asserted.[9]

2. *Did the Hamiltons assert a simple negligence claim against Plant Improvement?* In their complaint, the Hamiltons alleged that Plant Improvement had a duty to exercise reasonable care in properly implementing the contract and specifications provided it by the DOT, in accordance with generally accepted standards. They further alleged that Plant Improvement breached its duty by failing

---

[6] *Pattman v. Mann*, 307 Ga. App. 413, 415-416 (701 SE2d 232) (2010) (punctuation and footnotes omitted); see *Walls v. Sumter Regional Hosp.*, 292 Ga. App. 865, 868, 869 (2) (666 SE2d 66) (2008); *Baskette v. Atlanta Center for Reproductive Medicine*, 285 Ga. App. 876, 880 (4) (648 SE2d 100) (2007).

[7] See *Pattman*, supra.

[8] Id. at 416.

[9] See *Dept. of Transp. v. Mikell*, 229 Ga. App. 54, 56-58 (1) (a) (493 SE2d 219) (1997) (plaintiffs' challenge to the choice of traffic control devices at an intersection involved the exercise of professional engineering judgment; thus, plaintiff was required to present expert engineering testimony on the issue to establish the applicable standard of care).

to implement proper lighting and signage in the work area, as required by the MUTCD. As noted above, in their brief filed in opposition to the summary judgment motion, the Hamiltons argued and pointed to evidence that Plant Improvement was responsible for developing a traffic control plan for the project, and that the MUTCD required the exercise of professional judgment. The development of traffic control plans in a construction project is not an administrative, clerical, or routine act demanding no special expertise.[10] The allegations of negligence against Plant Improvement involved the exercise of professional skill and judgment within the professional's area of expertise; the claim went to the propriety of Plant Improvement's professional decision rather than to the efficacy of its conduct in carrying out a decision previously made. Whether Plant Improvement personnel should have recognized that the lighting and signage on and near the bridge were inadequate were design questions that required expert testimony.[11] Accordingly, the claim sounded in professional malpractice.[12]

Notably, the Hamiltons did not argue to the trial court that summary judgment in favor of Plant Improvement was not authorized because genuine issues of material fact remained on an ordinary negligence claim. The Hamiltons' arguments — whether the expert testimony was sufficient to survive the summary judgment motion — concerned professional negligence only. No claim for ordinary negligence was asserted against Plant Improvement.

3. Because no claims for ordinary negligence were asserted against either defendant, no genuine issue of material fact remains as to any such claims. The trial court's grant of summary judgment to HNTB and Plant Improvement is affirmed.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*

DECIDED JULY 14, 2011 —
RECONSIDERATION DENIED JULY 28, 2011 — 

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Kathryn H. Pinckney, Clark & Williams, Nathan T. Williams*, for appellants.

*Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, Richard A. Brown, Jr., Steven G. Blackerby, Carlock, Copeland & Stair, Gregory H. Wheeler*, for appellees.

---

[10] See *Pattman*, supra.
[11] See id.; *Dept. of Transp.*, supra.
[12] Id.