**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 16, 2014**

# In the Court of Appeals of Georgia

A13A1917. AMBROSE v. SAINT JOSEPH'S HOSPITAL OF
  ATLANTA, INC.

MILLER, Judge.

Henley J. Ambrose filed suit against St. Joseph's Hospital of Atlanta, Inc. (the "hospital"), alleging that he was burned by a microscope used during spinal surgery. The trial court granted the hospital's motion to dismiss the suit for failure to file an expert affidavit. Ambrose appeals, contending the trial court erred in dismissing his suit because (1) his claims are based on ordinary negligence, not allegations involving professional malpractice and (2) the allegations involve institutional negligence, not the conduct of any professional listed in OCGA § 9-11-9.1 (g). We agree and reverse.

Whether a complaint alleges ordinary negligence or professional malpractice is a question of law for this Court to decide. *Crisp Regional Nursing & Rehabilitation*

*Center v. Johnson*, 258 Ga. App. 540, 542 (574 SE2d 650) (2002). On appeal, we conduct

> a de novo review of a trial court's ruling on a motion to dismiss. In doing so, our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with any and all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts; however, we need not adopt a party's legal conclusions based on these facts.

(Punctuation and footnotes omitted.) *Dove v. Ty Cobb Healthcare Systems, Inc.,* 316 Ga. App. 7, 9 (729 SE2d 58) (2012).

So viewed, the complaint shows that Ambrose had spinal surgery at the hospital in November of 2010 to repair his ruptured lumbar disk. During the procedure, the surgeon used an OPMI Pentero surgical microscope (the "Pentero") provided by the hospital. The Pentero is a technologically advanced system that, among other things, integrates a surgical microscope and lighting system with digital video recording and the hospital's information infrastructure. The Pentero's computer software controls its lighting features, which include powerful xenon lamps that shine ultraviolet light on the patient's body to illuminate the operative field. During surgery, the Pentero emitted UV light at a level that was too intense for Ambrose's

2

skin to tolerate, resulting in burns on his back during the surgery, leaving Ambrose with a scar and continued pain that prevented him from working as a model and driving to locations required for his hospice job.

Ambrose subsequently filed suit against the hospital alleging that it breached its duty of care by providing unsafe equipment for use in treating him. The hospital moved to dismiss the complaint for failure to provide an expert affidavit in accordance with OCGA § 9-11-9.1. The trial court granted the motion, finding that Ambrose's claim sounded in medical malpractice and therefore Georgia law requires that an expert affidavit be filed with the Complaint.

1. Ambrose first contends that the trial court erred in dismissing his suit on the ground that an expert affidavit is required under OCGA § 9-11-9.1 because his allegations involve the hospital's failure to exercise ordinary care with regard to the equipment furnished for use in treating its patients.

OCGA § 9-11-9.1 requires a plaintiff to attach to the complaint an expert's affidavit supporting his malpractice claim, but the requirement of attaching a medical

affidavit to the complaint does not apply to claims of ordinary negligence.[1] *OKelley*

*v. Atlanta Heart Assoc.*, 316 Ga. App. 218, 219 (1) (728 SE2d 313) (2012).

> Whether an action alleges professional negligence or simple negligence depends on whether the professional's alleged negligence required the exercise of professional judgment and skill. It is a question of law for the court to decide. A professional negligence claim calls into question the conduct of the professional in his area of expertise. Administrative, clerical, or routine acts demanding no special expertise fall in the realm of simple negligence. We have previously held that a nurse's failure to activate an alarm, as a doctor ordered, was ordinary negligence. Likewise, claims that employees failed to carry out instructions and that hospitals failed to have appropriate equipment alleged ordinary negligence. However, if a claim of negligence goes to the propriety of a professional decision rather than to the efficacy of conduct in the carrying out of a decision previously made, the claim sounds in professional malpractice.

---

[1] In an action for damages alleging professional malpractice against a professional licensed by the State of Georgia or against any licensed health care facility alleged to be liable based upon the action or inaction of a healthcare professional licensed by the State of Georgia, the plaintiff is required to file with the complaint an affidavit of an expert competent to testify, setting forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim. OCGA § 9-11-9.1 (a). If an affidavit is not filed, and the defendant against whom an affidavit should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading, that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim. OCGA § 9-11-9.1 (b), (f).

4

(Citations and punctuation omitted.) *MCG Health v. Casey*, 269 Ga. App. 125, 128 (1) (603 SE2d 438) (2004); see also *Candler Gen. Hosp. v. McNorill*, 182 Ga. App. 107, 109-110 (2) (354 SE2d 872) (1987) (simply because an injury occurs in a hospital setting does not mean that it necessarily involved medical malpractice).

Here, Ambrose alleges that the hospital breached its duty of ordinary care by providing unsafe equipment for use in treating him , that the hospital failed to update the software on the Pentero, , and that the hospital failed to warn the surgeon of the risk of using the Pentero. Viewing the allegations in the complaint in the light most favorable to Ambrose, we cannot say that the claim is necessarily one of medical malpractice. See *Lamb v. Candler Gen. Hosp.*, 262 Ga. 70, 71 (1) (413 SE2d 720) (1992) (failure to replace disposable parts in instrument used in eye surgery created an issue of simple negligence by hospital employees for which hospital may be liable); compare *Jones v. Bates*, 261 Ga. 240, 242 (2) (403 SE2d 804) (1991) (decision to remove heat shield on a light would not involve medical judgment, but the decision to get more light to operating site may have). Since Ambrose's claim alleges simple negligence, it was error to dismiss his complaint.

5

2. Ambrose also contends that the trial court erred in dismissing his suit against the hospital because the case is not one against a professional as listed in OCGA § 9-11-9.1 (g), and thus no affidavit is required.[2]

In a suit against a licensed health care facility, such as this one, OCGA § 9-11-9.1 requires the plaintiff to file an expert affidavit only when the facility's alleged liability is based on the action or inaction of a health care professional. OCGA § 9-11-9.1 (a) (3). Insofar as Ambrose's complaint alleges negligence against the hospital for supplying defective equipment for use in treating its patients, the case is not one against a professional or one involving professional malpractice. *Lamb*, supra, 262 Ga. at 72 (2). Therefore, OCGA § 9-11-9.1 is inapplicable and no affidavit is required. Id. Accordingly, we reverse the grant of the hospital's motion to dismiss.

*Judgment reversed. Barnes, P.J. and Ray, J. concur.*

---

[2] Contrary to the hospital's contention, Ambrose's complaint does not allege that the surgeon negligently allowed Ambrose to be overexposed. Instead, Ambrose alleges only that his injuries were caused by the negligence of the hospital in providing unsafe equipment for use in treating patients.