Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/05/2016 09:11 AM CDT

Lawrence M. Bixenmann and Norma J.
Bixenmann, appellants, v. Dickinson
Land Surveyors, Inc., appellee.

___ N.W.2d ___

Filed August 5, 2016.    No. S-15-695.

1. **Malpractice: Expert Witnesses: Presumptions: Words and Phrases.**
   Under the "common knowledge" exception, a party may make a prima
   facie case of professional negligence even without expert testimony in
   cases where the evidence and circumstances are such that recognition of
   the alleged negligence may be presumed to be within the comprehension
   of laypersons.
2. **Malpractice: Expert Witnesses: Words and Phrases.** The "common
   knowledge" exception for professional negligence purposes is limited to
   cases of extreme and obvious misconduct.
3. **Summary Judgment: Appeal and Error.** An appellate court will
   affirm a lower court's grant of summary judgment if the pleadings
   and admitted evidence show that there is no genuine issue as to any
   material facts or as to the ultimate inferences that may be drawn from
   those facts and that the moving party is entitled to judgment as a matter
   of law.
4. ____: ____. In reviewing a summary judgment, an appellate court
   views the evidence in the light most favorable to the party against
   whom the judgment was granted and gives that party the benefit of all
   reasonable inferences deducible from the evidence.
5. **Malpractice: Words and Phrases.** Whether a particular vocation is a
   profession for professional negligence purposes is a question of law that
   is determined independently of the trial court.
6. ____: ____. The requirement of a license to practice one's occupation,
   although not dispositive, strongly indicates that an occupation is a pro-
   fession for professional negligence purposes.
7. ____: ____. Registered surveyors are professionals for purposes of pro-
   fessional negligence.

8. **Malpractice: Expert Witnesses: Proof.** The general rule is that expert testimony is required to identify the applicable standard of care in professional negligence cases.
9. **Malpractice: Liability: Fraud.** Absent proof of fraud or some other extraordinary facts that would override the general rule, professionals are not liable in negligence to third parties with whom they are not in privity of contract.
10. **Negligence.** Whether a legal duty exists for actionable negligence is a question of law dependent on the facts in a particular case.

Appeal from the District Court for Douglas County: Leigh Ann Retelsdorf, Judge. Affirmed.

James R. Welsh and Christopher Welsh, of Welsh & Welsh, P.C., L.L.O., for appellants.

Albert M. Engles and Brock S.J. Hubert, of Engles, Ketcham, Olson & Keith, P.C., and, on brief, James C. Boesen for appellee.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Cassel, Stacy, and Kelch, JJ.

Wright, J.

## NATURE OF CASE

The appellants, Lawrence M. Bixenmann and Norma J. Bixenmann, brought a negligence action against Dickinson Land Surveyors, Inc. (Dickinson). Lawrence tripped and fell on a stake that the owner of Dickinson, a licensed surveyor, had placed on the Bixenmanns' property while performing a land survey. The district court for Douglas County dismissed the Bixenmanns' complaint with prejudice and granted summary judgment in favor of Dickinson. The court determined that surveyors are professionals and that the Bixenmanns were required to present expert testimony as to the standard of care required of surveyors in order to rebut the evidence presented by Dickinson. The court further concluded that the alleged negligence was not within the comprehension of laypersons

and that the "common knowledge" exception to the requirement of expert testimony did not apply.

## BACKGROUND

The accident at issue in this case occurred on property which, at the time, was owned by the Bixenmanns, in Keith County, Nebraska. The property contained a large building which the Bixenmanns used for storage. During the summer of 2010, the Bixenmanns entered negotiations to sell the property to a third party. As a precondition of sale, the prospective buyers requested that a survey be conducted to identify the boundaries of the property. The Bixenmanns agreed to the survey so long as the prospective buyers paid for it.

In June 2010, the prospective buyers hired Dickinson to complete a basic boundary survey of the property. The owner of Dickinson located the boundaries and drove lengths of rebar flush into the ground. He then marked the four corners of the property with wooden stakes tied with ribbon, which were securely driven into the ground. The stakes extended approximately 12 inches above ground and were surrounded by 1 to 2 inches of grass but were visible, in plain sight. Lawrence was present during the surveying and witnessed Dickinson doing a portion of the survey.

On June 22, 2010, the Bixenmanns visited the property to retrieve two lawnmowers that were being stored in the building. They loaded the lawnmowers and left to complete yardwork at a different location. They returned later that evening to place the lawnmowers back into the storage building. Lawrence was in the process of unloading one of the lawnmowers from a trailer when he tripped on one of the survey stakes and fell, causing serious injuries to his left hip. The stake was located near the driveway that accessed the storage building.

The Bixenmanns brought an action against Dickinson for negligence and loss of consortium. Dickinson moved for summary judgment, which the district court granted. The district

court determined that Dickinson was a professional, noting that surveyors are licensed by the state and that their work is overseen by state agencies and a regulatory board. Given that Dickinson was a professional, the court found that any failure to exercise reasonable care must be proved by expert testimony. The owner of Dickinson submitted an affidavit stating that he is a licensed professional land surveyor in the State of Nebraska.

The owner of Dickinson averred that the purpose of marking and staking the boundaries was to clearly identify the boundaries for the benefit of the party commissioning the survey. It is his practice to leave markers and stakes on the property in order to clearly identify the boundaries for the customer. This practice is standard in the surveying industry and generally accepted in the State of Nebraska. Removing the boundary markers or stakes at the completion of the survey would defeat the purpose of surveying the property. The owner of Dickinson stated that he was familiar with the standard of care in the surveying industry in the State of Nebraska and that he complied with the applicable standard in completing the survey in this matter. Because the Bixenmanns failed to present expert testimony to rebut the owner's affidavit, the district court found that they could not prevail as a matter of law.

[1,2] The district court recognized that under the "common knowledge" exception, a party may make a prima facie case of professional negligence even without expert testimony in cases where the evidence and circumstances are such that recognition of the alleged negligence may be presumed to be within the comprehension of laypersons.[1] However, this common knowledge exception is limited to cases of extreme and obvious misconduct.[2] The district court determined that the exception did not apply in this case, due to the specialized nature

[1] *Thone v. Regional West Med. Ctr.*, 275 Neb. 238, 745 N.W.2d 898 (2008).

[2] *Id.*

of the surveying work and because Dickinson's conduct was not extreme or obvious. The Bixenmanns appeal.

## ASSIGNMENTS OF ERROR

The Bixenmanns assign that the district court erred in (1) finding that the owner of Dickinson was a professional, (2) holding that the Bixenmanns were required to present expert testimony as to the standard of care of a surveyor to rebut the owner's affidavit, (3) finding that the alleged negligence was not within the comprehension of laypersons so that the "common knowledge" exception could not be applied, and (4) entering summary judgment in favor of Dickinson.

## STANDARD OF REVIEW

[3,4] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[3] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.[4]

## ANALYSIS

[5] This case initially presents a question of law which we have not previously decided: whether surveyors are professionals for purposes of professional negligence. Whether a particular vocation is a profession is a question of law that is determined independently of the trial court.[5]

---

[3] *Sulu v. Magana*, 293 Neb. 148, 879 N.W.2d 674 (2016).

[4] *Id.*

[5] See *Churchill v. Columbus Comm. Hosp.*, 285 Neb. 759, 830 N.W.2d 53 (2013).

We have defined a "profession" as

> "'a calling requiring specialized knowledge and often long and intensive preparation including instruction in skills and methods as well as in the scientific, historical, or scholarly principles underlying such skills and methods, maintaining by force of organization or concerted opinion high standards of achievement and conduct, and committing its members to continued study and to a kind of work which has for its prime purpose the rendering of a public service.'"[6]

[6] Additionally, we have held that the requirement of a license to practice one's occupation, although not dispositive, "strongly indicates that an occupation is a profession."[7] However, the requirement of a license alone does not make an occupation a profession, as the preparation and training required to procure that license are also important factors.[8] Although we have held that a college degree indicates such preparation and training,[9] a college degree itself is not required.[10]

In *Churchill v. Columbus Comm. Hosp.*,[11] we determined that physical therapists are professionals, based largely on the requirements of the Physical Therapy Practice Act,[12] which requires that physical therapists be licensed and sets forth the requirements for licensure. Under that act, obtaining a license requires completing an approved educational program and an examination. We held that these requirements indicate

---

[6] *Id.* at 765-66, 830 N.W.2d at 58, quoting *Tylle v. Zoucha*, 226 Neb. 476, 412 N.W.2d 438 (1987).

[7] *Jorgensen v. State Nat. Bank & Trust*, 255 Neb. 241, 246, 583 N.W.2d 331, 335 (1998).

[8] See *Parks v. Merrill, Lynch*, 268 Neb. 499, 684 N.W.2d 543 (2004).

[9] See *Jorgensen v. State Nat. Bank & Trust, supra* note 7.

[10] See *Cooper v. Paap*, 10 Neb. App. 243, 634 N.W.2d 266 (2001).

[11] *Churchill v. Columbus Comm. Hosp., supra* note 5.

[12] Neb. Rev. Stat. § 38-2901 et seq. (Reissue 2008).

that physical therapists complete the "'long and intensive program of preparation'" that is required of professionals.[13] Additionally, we noted that physical therapists render a public service and are subject to both mandatory continuing education requirements and professional discipline for ethical violations and failure to follow professional practice.

The Nebraska Court of Appeals similarly concluded in *Cooper v. Paap*[14] that abstractors were professionals, based on the requirements of the Abstracters Act.[15] It reasoned that abstractors must be licensed, which requires that they pass a written examination and prove they have 1 year of verified land title-related experience. Once licensed, abstractors are subject to oversight and discipline by a board of examiners and must earn board-approved professional development credits. The court noted that although their education is not as long as that in some of the other professions, abstractors overwhelmingly satisfy the other factors used to judge professionals in that they have specialized knowledge requiring a license and provide a service to the public upon which the public relies, in addition to the other factors listed above.

On the other hand, in *Jorgensen v. State Nat. Bank & Trust*,[16] we determined that so-called retirement planners were not professionals because they did not have specialized knowledge requiring long and intensive preparation, did not hold licenses, did not regularly supplement their educations, and were not subject to an ethical code enforced by a disciplinary system.

Here, the evidence presented at the summary judgment hearing shows that the owner of Dickinson was a licensed surveyor in the State of Nebraska. In order to become registered

---

[13] *Churchill v. Columbus Comm. Hosp., supra* note 5, 285 Neb. at 766, 830 N.W.2d at 58.

[14] *Cooper v. Paap, supra* note 10.

[15] Neb. Rev. Stat. § 76-535 et seq. (Reissue 2009).

[16] *Jorgensen v. State Nat. Bank & Trust, supra* note 7.

as a surveyor in this state, one must meet the requirements of the Land Surveyors Regulation Act,[17] which at the time of the incident in question provided in part:

> No person shall be eligible for registration unless:
>
> (1) He or she has successfully passed an examination, designed to determine his or her proficiency and qualification to engage in the practice of land surveying. No applicant shall be entitled to take such examination until he or she shows the necessary practical experience in land surveying work; and
>
> (2) He or she has not less than six years of surveying experience of which five years must be [certain surveying activities defined in the Land Surveyors Regulation Act]. Three of such five years must have been in a responsible position as a subordinate to a licensed land surveyor, and for the purpose of this section, responsible position shall mean a position that requires initiative, skill, and independent judgment; this term excludes chainman, rodman, instrument person, ordinary drafter, and others doing routine work, or has graduated, after a course of not less than four years in surveying, engineering, or other approved curriculum, with proportionate credit for lesser time, from a school or college approved by the examining board as of satisfactory standing, and an additional two years of practice in a responsible position.[18]

Once registered, surveyors continue to be required to complete 30 hours of "professional development" every 2 years.[19] In addition, surveyors are now subject to a code of practice established by the board to "govern their professional conduct"

---

[17] See Neb. Rev. Stat. § 81-8,108 et seq. (Reissue 2014 & Supp. 2015).

[18] § 81-8,117 (Reissue 2003).

[19] § 81-8,119.01(1) (Reissue 2014).

and continue to be subject to discipline, including suspension or revocation of registration, for negligence, incompetency, or misconduct in the performance of their duties.[20]

[7] It is clear, based on these statutory requirements, that registered surveyors have specialized knowledge, complete long and intensive training and preparation, are subject to high standards of achievement and conduct, are committed to continued study, and perform work of which the primary purpose is the rendering of a public service. Thus, we conclude that registered surveyors are professionals for purposes of professional negligence. Because the evidence shows that the owner of Dickinson was a licensed or registered surveyor, we conclude that he is a professional.

[8] Having determined that he is a professional, we now turn to the second assignment of error regarding whether the Bixenmanns were required to present expert testimony as to the standard of care applicable to surveyors. The general rule is that expert testimony is required to identify the applicable standard of care in professional negligence cases.[21]

The Bixenmanns argue that expert testimony was not required in this case because the owner of Dickinson's act of placing the survey stakes in a manner in which they were not clearly visible by persons entering the property was not professional negligence, but, rather, was ordinary negligence. The Bixenmanns also assert that the common knowledge exception to the requirement of expert testimony applies in this case. Under the common knowledge exception, a party may make a prima facie case of professional negligence even without expert testimony in cases where the evidence and circumstances are such that the recognition of the alleged

---

[20] § 81-8,111. Accord § 81-8,123 (Reissue 2014).

[21] See, *Thone v. Regional West Med. Ctr., supra* note 1; *Medley v. Davis*, 247 Neb. 611, 529 N.W.2d 58 (1995); *Overland Constructors v. Millard School Dist.*, 220 Neb. 220, 369 N.W.2d 69 (1985).

negligence may be presumed to be within the comprehension of laypersons.[22]

[9,10] We need not decide these questions, because we hold that a surveyor's duty of reasonable care is to his or her client and generally does not extend to third parties absent fraud or other facts establishing a duty to them.[23] Whether a legal duty exists for actionable negligence is a question of law dependent on the facts in a particular case.[24]

Although the accident at issue occurred on the land owned by the Bixenmanns, Dickinson was hired to conduct the survey by the prospective buyers, not by the Bixenmanns. In their brief, the Bixenmanns state they had no contractual relationship with Dickinson. Thus, there was no privity of contract claimed between the Bixenmanns and Dickinson and there were no facts establishing a duty to the Bixenmanns. The record contains no evidence of fraud or facts establishing a duty of Dickinson to the Bixenmanns. Accordingly, albeit for a different reason, we find that the district court did not err in granting summary judgment in favor of Dickinson.

## CONCLUSION

For the reasons set forth above, we affirm the judgment of the district court.

AFFIRMED.

---

[22] *Thone v. Regional West Med. Ctr., supra* note 1.

[23] See, *Perez v. Stern*, 279 Neb. 187, 777 N.W.2d 545 (2010); *Swanson v. Ptak*, 268 Neb. 265, 682 N.W.2d 225 (2004); *Citizens Nat. Bank of Wisner v. Kennedy & Coe*, 232 Neb. 477, 441 N.W.2d 180 (1989).

[24] *Swanson v. Ptak, supra* note 23.