Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/28/2016 09:09 AM CDT

Lawrence M. Bixenmann and Norma J.
Bixenmann, appellants, v. Dickinson
Land Surveyors, Inc., appellee.
___ N.W.2d ___

Filed October 28, 2016.    No. S-15-695.

SUPPLEMENTAL OPINION

Appeal from the District Court for Douglas County: Leigh Ann Retelsdorf, Judge. Supplemental opinion: Former opinion modified. Motion for rehearing overruled.

James R. Welsh and Christopher Welsh, of Welsh & Welsh, P.C., L.L.O., for appellants.

Albert M. Engles and Brock S.J. Hubert, of Engles, Ketcham, Olson & Keith, P.C., and, on brief, James C. Boesen for appellee.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Cassel, Stacy, and Kelch, JJ.

Per Curiam.
Case No. S-15-695 is before this court on the appellants' motion for rehearing concerning our opinion in *Bixenmann v. Dickinson Land Surveyors*.[1] We overrule the motion, but we modify the original opinion as follows:

---

[1] *Bixenmann v. Dickinson Land Surveyors*, 294 Neb. 407, 882 N.W.2d 910 (2016).

We withdraw syllabus points 9 and 10. In the section of the opinion designated "ANALYSIS,"[2] we withdraw the last two paragraphs and substitute the following:

To address the Bixenmanns' contention that the allegedly negligent act involved ordinary negligence rather than professional negligence, we recall basic principles of law regarding professional acts or services. A professional act or service is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual. See *Marx v. Hartford Acc. & Ind. Co.*, 183 Neb. 12, 157 N.W.2d 870 (1968). In determining whether a particular act or service is professional in nature, the court must look to the nature of the act or service itself and the circumstances under which it was performed. *Churchill v. Columbus Comm. Hosp.*, 285 Neb. 759, 830 N.W.2d 53 (2013).

Two cases from this court provide guidance as to whether an employee was engaged in professional services. In *Marx v. Hartford Acc. & Ind. Co., supra*, a physician's employee poured benzine instead of water into a sterilization container, resulting in a fire. We concluded that the act was not a professional service covered by language of an insurance policy, because the boiling of water for sterilization purposes was not an act requiring any professional knowledge or training. See *id.* We stated that "the negligent act performed here required no special training or professional skill and in no sense constituted the 'rendering or failing to render professional services.'" *Id.* at 14, 157 N.W.2d at 872. On the other hand, in *Swassing v. Baum*, 195 Neb. 651, 655, 240 N.W.2d 24, 27 (1976), a blood-typing test incorrectly reported a plaintiff's blood type and we determined that the blood test

---

[2] *Id.* at 411, 882 N.W.2d at 914.

was a professional service "because the performance of the blood test was an essential and integral part of the rendition of professional services by [the physician] to [the plaintiff]."

Whether an action alleges professional negligence or ordinary negligence depends on whether the professional's alleged negligence required the exercise of professional judgment and skill. See *Ambrose v. Saint Joseph's Hosp. of Atlanta*, 325 Ga. App. 557, 754 S.E.2d 135 (2014). "'A professional negligence claim calls into question the conduct of the professional in his area of expertise. Administrative, clerical, or routine acts demanding no special expertise fall in the realm of simple negligence.'" *Id.* at 559, 754 S.E.2d at 137. If the allegations of the complaint involve the exercise of professional skill and judgment within the professional's area of expertise and go to the propriety of professional decisions rather than to the efficacy of the professional's conduct in carrying out decisions previously made, the claim sounds in professional negligence rather than ordinary negligence. See *Hamilton-King v. HNTB Georgia, Inc.*, 311 Ga. App. 202, 715 S.E.2d 476 (2011).

Here, the act of placing the survey stakes in the ground as part of the performance of surveying work qualifies as a professional act or service. Although one could argue that the act of driving a stake into the ground was purely a manual skill and was not dependent on professional knowledge or skill, the setting of the stakes was an integral part of the professional service supplied by Dickinson. How high to set the stakes, how to mark the stakes, and how long to leave the stakes in the ground are matters of professional judgment. In order to know whether Dickinson departed from the standard of care under the circumstances, the finder of fact would need to know what an ordinarily prudent land surveyor would do under similar circumstances. We conclude that the act

complained of qualified as a professional act and required expert testimony to establish the standard of care.

In performing the professional services at issue, the owner of Dickinson had one standard of care. He did not owe one standard of care to his clients and a different standard of care to everyone else. The same factual predicate cannot give rise to two independent obligations to exercise due care according to two different standards, because "a defendant has only *one* duty, measured by *one* standard of care, under any given circumstances." *Flowers v. Torrance Mem. Hosp. Med. Ctr.*, 8 Cal. 4th 992, 1000, 884 P.2d 142, 146, 35 Cal. Rptr. 2d 685, 689 (1994) (emphasis in original). And because he was operating under the standard of care of a professional land surveyor, expert testimony as to that standard of care was needed.

We reject the Bixenmanns' argument that the common knowledge exception applies. As noted, the common knowledge exception is limited to cases of extreme and obvious misconduct. See *Thone v. Regional West Med. Ctr.*, 275 Neb. 238, 745 N.W.2d 898 (2008). This is not such a case. To determine whether the owner of Dickinson acted negligently, a jury would need to know what a surveyor under similar circumstances would have done and why the actions of the owner of Dickinson were improper. This information is not within the comprehension of laypersons and would require expert testimony. We agree with the district court that the common knowledge exception to the requirement of expert testimony does not apply.

The remainder of the opinion shall remain unmodified.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.

CONNOLLY, J., not participating in the supplemental opinion.