Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/07/2017 09:11 AM CDT

Midland Properties, L.L.C., and Jerry Morgan,
appellants, v. Wells Fargo, N.A.,
et al., appellees.
___ N.W.2d ___

Filed April 14, 2017.    No. S-16-260.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.

3. **Trial: Evidence: Appeal and Error.** An appellate court reviews the trial court's conclusions with regard to evidentiary foundation for an abuse of discretion.

4. **Pleadings: Appeal and Error.** Permission to amend a pleading is addressed to the discretion of the trial court, and an appellate court will not disturb the trial court's decision absent an abuse of discretion.

5. **Summary Judgment: Proof.** A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that if the evidence presented for summary judgment remains uncontroverted, the moving party is entitled to judgment as a matter of law.

6. ____: ____. After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party.

7. **Evidence: Witnesses.** Communications by telephone are admissible in evidence where otherwise relevant to the fact or facts in issue, provided

the identity of the person with whom the witness spoke or the person whom he or she heard speak is satisfactorily established.

8. **Torts: Intent: Proof.** To succeed on a claim for tortious interference with a business relationship or expectancy, a plaintiff must prove (1) the existence of a valid business relationship or expectancy, (2) knowledge by the interferer of the relationship or expectancy, (3) an unjustified intentional act of interference on the part of the interferer, (4) proof that the interference caused the harm sustained, and (5) damage to the party whose relationship or expectancy was disrupted.

9. **Summary Judgment: Affidavits.** Affidavits and other sworn statements offered in support or opposition of summary judgment shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Appeal from the District Court for Douglas County: TIMOTHY P. BURNS, Judge. Affirmed.

Douglas W. Ruge for appellants.

Jennifer L. Andrews and Alison M. Gutierrez, of Kutak Rock, L.L.P., for appellee Wells Fargo, N.A.

Thomas J. Young, and Lilly Richardson-Severn, of H & S Partnership, L.L.P., for appellees HBI, L.L.C., and H & S Partnership, LLP.

HEAVICAN, C.J., WRIGHT, CASSEL, STACY, KELCH, and FUNKE, JJ.

CASSEL, J.

## I. INTRODUCTION

This appeal arises from an action for wrongful foreclosure of a deed of trust, quiet title, tortious interference with business relationships, and declaratory relief. The district court granted summary judgment of dismissal and denied leave to file an amended complaint. Because there was no genuine issue of material fact and no abuse of discretion in denying leave to amend, we affirm the judgment.

## II. BACKGROUND

### 1. FORECLOSURE

Jerry Morgan purchased property in Douglas County, Nebraska, by obtaining a loan secured by a deed of trust. He conveyed the property to his company, Midland Properties, L.L.C., and managed the property as a rental.

Wells Fargo, N.A., was eventually assigned the lender's interest in the promissory note and deed of trust. Several years later, it initiated a nonjudicial foreclosure on the deed of trust, citing as cause Morgan's failure to make payments as they became due. HBI, L.L.C., purchased the property at a trustee's sale and later conveyed the property to H & S Partnership, LLP (H&S).

### 2. PROCEEDINGS ON
### AMENDED COMPLAINT

Morgan and Midland Properties (collectively appellants) filed an amended complaint against Wells Fargo, HBI, and H&S. Appellants generally alleged that they were not in default on the loan, that Wells Fargo wrongfully foreclosed, and that there were irregularities in the assignment of the deed of trust and promissory note, in the substitution of trustees, and in the trustee's sale. The complaint also alleged that Wells Fargo, or its agents, improperly interacted with appellants' tenants before the trustee's sale, thereby committing tortious interference with business relationships and causing $50,000 in damages. Appellants sought declaratory relief, monetary damages, and equitable relief setting aside the trustee's sale and quieting title to the property.

Wells Fargo filed a motion for summary judgment. Appellants later moved for leave to file a "Second Amended Complaint" that added another defendant. After a hearing, the court found that Wells Fargo established a prima facie case for summary judgment. The court disregarded certain statements offered in Morgan's affidavit and deposition as hearsay and otherwise found that appellants offered only general allegations

unsupported by the evidence. Because the court determined that appellants' evidence failed to rebut Wells Fargo's evidence, it sustained the motion for summary judgment and dismissed the amended complaint. After finding that appellants failed to show why another defendant should be added so late in the proceeding, the court also denied appellants' motion to file a second amended complaint.

A timely appeal followed, which we moved to our docket.[1]

### III. ASSIGNMENTS OF ERROR

Appellants made four assignments of error which, consolidated and restated, assert that the district court erred in (1) determining that there was no genuine issue of material fact, (2) excluding Morgan's testimony of (a) conversations with Wells Fargo representatives for lack of proper foundation and (b) statements from appellants' tenants establishing wrongful interference, and (3) not allowing appellants to file a second amended complaint which added another defendant. Our restatement renders moot Wells Fargo's suggestion that appellants' first three assignments were too generalized and vague.

### IV. STANDARD OF REVIEW

[1,2] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[2] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.[3]

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[2] *Bixenmann v. Dickinson Land Surveyors*, 294 Neb. 407, 882 N.W.2d 910 (2016), *modified on denial of rehearing* 295 Neb. 40, 886 N.W.2d 277.

[3] *Id.*

[3] An appellate court reviews the trial court's conclusions with regard to evidentiary foundation for an abuse of discretion.[4]

[4] Permission to amend a pleading is addressed to the discretion of the trial court, and an appellate court will not disturb the trial court's decision absent an abuse of discretion.[5]

## V. ANALYSIS

### 1. SUMMARY JUDGMENT

[5,6] A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that if the evidence presented for summary judgment remains uncontroverted, the moving party is entitled to judgment as a matter of law.[6] After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party.[7]

All of appellants' arguments opposing the entry of summary judgment are premised on excluded evidence which they contend established genuine issues of material fact. According to appellants, the district court improperly excluded and disregarded parts of Morgan's deposition and affidavit testimony. Specifically, they allege that Morgan's testimony concerning conversations with Wells Fargo employees were admissible as nonhearsay and refuted Wells Fargo's right to foreclosure. They also allege that reports from his tenants were admissible as "rebuttal" evidence and supported their claim for tortious interference with business relationships.[8]

---

[4] See *State v. Casterline*, 293 Neb. 41, 878 N.W.2d 38 (2016).

[5] *Golnick v. Callender*, 290 Neb. 395, 860 N.W.2d 180 (2015).

[6] *SID No. 196 of Douglas Cty. v. City of Valley*, 290 Neb. 1, 858 N.W.2d 553 (2015).

[7] *Id.*

[8] Brief for appellants at 17.

(a) Right to Foreclosure

Appellants claimed that Wells Fargo had no right to foreclosure, because Morgan was not in default and had insufficient notice. They rely upon Morgan's deposition testimony that unknown representatives of Wells Fargo told him not to make the payments and they would not foreclose. Wells Fargo initially offered evidence to the contrary.

Wells Fargo established that Morgan failed to make payments as they were due and that it notified him of the default and its consequences. It acknowledged that Morgan was approved for a trial mortgage modification period but that his application was ultimately denied due to title issues. It also produced evidence of compliance with all notice and recording requirements for the trustee's sale. Documents that appellants produced, which Wells Fargo had sent to Morgan's address, directly contradicted the verbal instructions Morgan claimed to have received. This was sufficient to establish that Wells Fargo was entitled to judgment as a matter of law. Thus, the burden shifted to appellants to present evidence showing an issue of material fact.

Appellants offered Morgan's deposition. He testified to telephone conversations during which he was "instructed by Wells Fargo personnel not to make any . . . payments until they gave [him] the test payments to pay" for the trial mortgage modification period. He also claimed that he was never told that his loan modification request was denied and that "Wells Fargo personnel told [him] they wouldn't foreclose" on the property. But appellants failed to establish the required foundation.

[7] Morgan was unable to identify any of the purported representatives or specify any date of a conversation. It is well established that communications by telephone are admissible in evidence where otherwise relevant to the fact or facts in issue, provided the identity of the person with whom the witness spoke or the person whom he or she heard speak is

satisfactorily established.[9] Morgan could not do so. Based upon this lack of foundation, the district court excluded Morgan's deposition testimony. We find no abuse of discretion in excluding this evidence.

Because the district court did not abuse its discretion in disallowing Morgan's testimony, appellants failed to establish the existence of a genuine issue of material fact. Therefore, Wells Fargo was entitled to summary judgment on the claims for declaratory relief, quiet title, and wrongful foreclosure.

### (b) Tortious Interference

[8] To succeed on a claim for tortious interference with a business relationship or expectancy, a plaintiff must prove (1) the existence of a valid business relationship or expectancy, (2) knowledge by the interferer of the relationship or expectancy, (3) an unjustified intentional act of interference on the part of the interferer, (4) proof that the interference caused the harm sustained, and (5) damage to the party whose relationship or expectancy was disrupted.[10]

Wells Fargo established that its records did not indicate any representatives would have had contact with appellants' tenants prior to the trustee's sale. It produced evidence that it hired an independent contractor who performed multiple "occupancy checks" of the property subject to foreclosure and made direct contact once with an individual identified as "mortgagor" (Morgan). This does not suggest interaction with *the tenants*. Wells Fargo also offered the affidavit of one of appellants' tenants, who denied ever being "contacted by Wells Fargo, or any agent or employee of Wells Fargo, by phone or in person." Thus, the burden shifted to appellants to establish a genuine issue of material fact regarding their claim for tortious interference.

---

[9] *Linch v. Carlson*, 156 Neb. 308, 56 N.W.2d 101 (1952).

[10] *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015).

Appellants offered Morgan's testimony of reports from all four of his tenants, including the affiant, alleging that they had been harassed by different Wells Fargo representatives. In their brief, appellants implicitly concede that this testimony is hearsay. But they argue that such statements are admissible as "rebuttal," since Wells Fargo offered the affidavit of one of the four tenants. This argument is contrary to law.

[9] Affidavits and other sworn statements offered in support or opposition of summary judgment shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.[11] Morgan admitted during his deposition that he lacked personal knowledge of any communications made by Wells Fargo or its representatives to appellants' tenants. Appellants failed to produce an affidavit or deposition from any of the tenants, based on personal knowledge, to establish a genuine issue of fact. Morgan's testimony was entirely dependent upon inadmissible hearsay. Therefore, the district court was correct in excluding such statements from the evidence.

Because there was no genuine issue of material fact regarding the absence of any act of interference on the part of Wells Fargo or its independent contractor, the district court correctly granted summary judgment dismissing appellants' claim for tortious interference with a business relationship.

## 2. MOTION FOR LEAVE TO AMEND

Lastly, appellants argue that the district court abused its discretion in denying their motion for leave to file a successive amended complaint. We disagree.

Appellants attempted to add Wells Fargo's independent contractor as a defendant to its claim for tortious interference nearly 9 months after the deadline to amend pleadings.

---

[11] See *Green v. Box Butte General Hosp.*, 284 Neb. 243, 818 N.W.2d 589 (2012).

They claimed not to know of the independent contractor until 2 months before it filed its motion. However, the record shows that Wells Fargo identified the independent contractor at a deposition at least 7 months before they filed their motion to amend.

Appellants have failed to explain why another defendant should be added so late in the proceeding. We also note that such a claim would be futile for the same reasons that it was unsuccessful against Wells Fargo. Therefore, the district court did not abuse its discretion in denying their motion.

## VI. CONCLUSION

The district court properly excluded evidence for lack of foundation and hearsay. As a result, the admitted evidence did not support appellants' claims or establish a genuine issue of material fact. Because we also conclude that the district court did not abuse its discretion in denying appellants' motion for leave to amend their complaint, we affirm its judgment.

AFFIRMED.

MILLER-LERMAN, J., not participating.