ERNEST C. HARPER, APPELLANT, V.
HAROLD W. CLARKE ET AL., APPELLEES.
713 N.W.2d 502

Filed April 11, 2006.    No. A-04-461.

Ernest C. Harper, pro se.

Jon Bruning, Attorney General, and Stephanie A. Zeeb for appellees.

SIEVERS, CARLSON, and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Ernest C. Harper appeals from the order of the district court for Johnson County dismissing Harper's complaint filed under 42 U.S.C. § 1983 (2000). Because we conclude that Harper's § 1983 claim is not cognizable and that the district court's failure to give Harper notice of its sua sponte dismissal of the complaint as to all but one of the defendants was not reversible error, we affirm.

## BACKGROUND

At the time of the actions leading to this appeal, Harper was committed to the Nebraska Department of Correctional Services (DCS) and incarcerated at the Tecumseh State Correctional Institution. On January 31, 2003, Harper allegedly engaged in "inappropriate physical contact" with a female staff member, as reported by that staff member, and was placed on immediate segregation. The situation apparently involved Harper's contact with Pam Cooper, an employee of a food service company which had contracted with DCS to provide such service for the prison institution.

On February 20, 2003, a hearing was held by the Institutional Disciplinary Committee. Harper was found guilty of "Sexual Activities" and was given 45 days' disciplinary segregation, with credit for 21 days served. Harper also lost one-half month of good time. It appears that sometime thereafter, Harper was placed on administrative confinement status, having been deemed a threat to the safety, security, and good running order of the prison institution as a result of his inappropriate behavior with Cooper.

On June 18, 2003, a "Director's Subcommittee" hearing was held, and Harper's administrative confinement status was maintained. Harper appealed this decision to the director of DCS, Harold W. Clarke, who denied the appeal.

On December 29, 2003, Harper filed a complaint in the district court for Johnson County against the following persons, individually and in their official capacities: Clarke; Ken Quinn, a deputy warden; Cooper; Cpl. Lee Tinkler, a prison guard; and an "Unnamed/Unknown individual." The trial court treated Harper's claim as alleging a violation of the above-mentioned federal civil rights statute, § 1983. In his complaint, Harper essentially alleged that he was denied due process in connection with the events leading to his segregation, in that he was not provided with copies of the reports or statements made by Cooper and Tinkler which Harper alleged were used against him by the defendants. Harper also claimed that he was not afforded an opportunity to refute the reports or statements or use them to disprove a material fact. Harper further alleged that he had been charged with action against a "staff" member, but that the food service company's employees (i.e., Cooper) are not "staff," thereby rendering the reports false and misleading. Harper claimed that he should therefore not be punished for inappropriate contact with " 'staff.' " Harper sought both compensatory and punitive damages in his complaint.

Although the motion is not included in the record, Cooper apparently filed a motion to dismiss Harper's complaint under Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003) for failure to state a claim upon which relief could be granted. A hearing was held on this motion on February 23, 2004, in the district court. Harper appeared pro se via telephone, and Cooper and her attorney appeared in person. Cooper asserted that she should not be a defendant in the action because she was not an employee of DCS, but, rather, was an employee of the food service company, an entity that contracted with DCS to provide such service for the prison institution. Cooper claimed that as such, she had no decisionmaking authority in the matter and thus should be dismissed from the proceeding. On February 25, the district court entered an order that dismissed the complaint not only as to Cooper upon her motion, but as to all the other defendants upon the court's own motion.

Specifically, in response to Cooper's claim that she could not be sued based on the allegations in Harper's complaint, the court noted in its order that a private individual can be sued under

§ 1983. However, the court then noted that Harper had previously appealed the decision of DCS in his disciplinary case to the district court for Johnson County, which had affirmed the decision. The court also noted that on further appeal, this court had, pursuant to Neb. Ct. R. of Prac. 7A(1) (rev. 2000), summarily affirmed DCS' imposition of discipline. See *Harper v. Department of Corr. Servs.*, 12 Neb. App. xlvii (No. A-03-770, Nov. 17, 2003). The district court found that pursuant to *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), Harper was precluded from bringing a claim for damages under § 1983 because Harper had failed to have his disciplinary conviction or sentence overturned. Therefore, after taking judicial notice of "Harper['']s files," the district court held that Harper had failed to state a claim for damages that was cognizable under § 1983. The district court further found that Harper had not alleged that he had suffered actual injury as a result of the alleged conduct of the prison officials and that inmates have no liberty interest in their placement in administrative confinement. As noted above, the court granted Cooper's motion to dismiss and then, on its own motion, dismissed the case as to all the other defendants. The court concluded that Harper did not have the ability to amend his complaint.

On March 1, 2004, Harper filed a "Motion to Alter or Amend a Judgment" with the district court. The motion was heard on March 29, and Harper again appeared pro se via telephone. The court denied the motion in an order filed on March 30. Harper now appeals.

## ASSIGNMENTS OF ERROR

Harper assigns the following errors: (1) The district court erred when dismissing his complaint for failure to state a claim upon which relief could be granted, on its own motion, without notice; (2) the district court erred and abused its discretion in finding that he did not have a liberty interest when placed in administrative confinement; (3) the district court erred and abused its discretion by failing to sustain his motion to alter or amend the judgment.

## STANDARD OF REVIEW

An appellate court reviews a district court's grant of a motion to dismiss de novo, accepting all the allegations in the

complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Kellogg v. Nebraska Dept. of Corr. Servs.*, 269 Neb. 40, 690 N.W.2d 574 (2005). Complaints should be liberally construed in the plaintiff's favor and should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief. *Id.*

## ANALYSIS

Harper asserts that the district court erred in dismissing his complaint for failure to state a claim upon which relief could be granted on its own motion and without notice. In other words, Harper claims that the district court erred when it dismissed his claim sua sponte as to all defendants other than Cooper on its own motion and without first providing Harper adequate notice of the dismissal. The relevant question thus becomes the appropriateness of a sua sponte dismissal under rule 12(b)(6) without notice's first being provided to the plaintiff. Because this action was filed after January 1, 2003, it is governed by the new rules for notice pleading, which apply to all "civil actions filed on or after January 1, 2003." See Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2004). Nebraska courts have not addressed sua sponte dismissals under rule 12(b)(6). Because the new rules are modeled after the Federal Rules of Civil Procedure, we look to the federal decisions for guidance. See, similarly, *Kellogg v. Nebraska Dept. of Corr. Servs., supra; Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003).

The Eighth Circuit addressed sua sponte dismissals under the federal equivalent of rule 12(b)(6) and the issue of notice in *Smith v. Boyd*, 945 F.2d 1041 (8th Cir. 1991). In *Smith*, a pretrial detainee filed a pro se complaint alleging that jail officials had violated his civil rights by tampering with his mail, harassing him in retaliation for his complaints about jail conditions, denying him meaningful access to the courts, and denying him social services afforded other prisoners. Prior to trial, the court dismissed the detainee's complaint sua sponte for failure to state a claim. He appealed, claiming, among other things, that the district court erred by dismissing his complaint without first providing him notice and an opportunity to respond.

The Eighth Circuit held that the failure to give such notice is not per se reversible error when it is "patently obvious the plaintiff could not prevail based on the facts alleged in the complaint." *Id.* at 1043. The court further stated that although district courts should provide predismissal notice, the failure to give such notice does not mandate reversal. Rather, the court held that it would "review the allegations of the compliant de novo, accept as true all well-pleaded allegations, and construe the complaint in the light most favorable to the plaintiff to determine whether it states a claim." *Id.* After its de novo review of the allegations in the complaint, the *Smith* court concluded that the district court had properly found that the detainee's complaint failed to state a claim.

The *Smith* court noted that there was a split among the circuits as to whether the failure to provide predismissal notice mandates reversal, but the court declined to follow a rule mandating reversal, finding it "too inflexible." *Id.* at 1043 n.2. The Eighth Circuit has not revisited the issue of notice and a sua sponte dismissal under the federal equivalent of rule 12(b)(6) since *Smith*, and a review of relevant federal cases indicates that the circuits remain divided on whether notice is required before a court may dismiss a claim sua sponte under rules equivalent to rule 12(b)(6). A number of circuits have held that sua sponte dismissal under a rule equivalent to rule 12(b)(6) of a meritless claim without notice does not require reversal. See, *Baker v. Director, U.S. Parole Com'n*, 916 F.2d 725 (D.C. Cir. 1990) (per curiam); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986 (9th Cir. 1987). See, also, *McKinney v. Okl., Dept. of Human Services*, 925 F.2d 363 (10th Cir. 1991) (allowing dismissal without notice where plaintiff cannot prevail on facts alleged and amendment would be futile). Other circuits have held that the failure to provide predismissal notice mandates reversal. See, *Street v. Fair*, 918 F.2d 269 (1st Cir. 1990) (per curiam); *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177 (7th Cir. 1989); *Perez v. Ortiz*, 849 F.2d 793 (2d Cir. 1988); *Jefferson Fourteenth Assoc. v. Wometco de Puerto Rico*, 695 F.2d 524 (11th Cir. 1983).

We find the Eighth Circuit's decision in *Smith v. Boyd*, 945 F.2d 1041 (8th Cir. 1991), to be persuasive. Accordingly, we hold that a court's failure to give notice before a sua sponte dismissal

under rule 12(b)(6) is not per se reversible error when it is patently obvious that the plaintiff could not prevail based on the facts alleged in the complaint. Applying this holding to the instant case, we will review the allegations of Harper's complaint de novo, accept as true all well-pled allegations, and construe the complaint in the light most favorable to Harper to determine whether it states a claim. We turn now to the allegations of Harper's complaint.

■ Upon de novo review, we conclude that the district court properly found that the complaint failed to state a claim. The essence of Harper's complaint was that his due process rights were violated under § 1983 because he was not provided with copies of the reports or statements made by Cooper and Tinkler in the disciplinary proceedings against him. As noted by the district court with regard to Harper, a Tecumseh State Correctional Institution inmate, we note that a Nebraska State Penitentiary inmate's civil rights claim filed under § 1983 which is a collateral challenge to an underlying disciplinary action is not cognizable under § 1983 unless the prisoner can demonstrate that the disciplinary conviction has previously been invalidated. See, *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Cole v. Loock*, 259 Neb. 292, 609 N.W.2d 354 (2000). We hold that this rule applies to Harper and to inmates of any DCS penitentiary. Harper has not demonstrated that his previous disciplinary conviction has been invalidated; in fact, Harper had appealed his conviction to the district court and to this court, both of which affirmed his conviction. Thus, Harper's § 1983 claim is not cognizable, and the failure of the district court to give Harper notice of the sua sponte dismissal is not reversible error because it is patently obvious that Harper could not prevail based on the facts alleged in his complaint. Accordingly, we affirm the district court's dismissal of Harper's complaint. Having so concluded, we do not address Harper's remaining assignments of error. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it. *Burke v. McKay*, 268 Neb. 14, 679 N.W.2d 418 (2004).

## CONCLUSION

The district court did not err when it dismissed Harper's claim sua sponte under rule 12(b)(6) without first providing Harper with

notice. Because Harper failed to demonstrate that his previous disciplinary conviction had been invalidated, his § 1983 claim was not cognizable.

AFFIRMED.