IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ROSBERG v. KUBE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

PAUL A. ROSBERG, APPELLANT,

V.

JAMES KUBE, APPELLEE.

Filed June 21, 2022.    No. A-21-688.

Appeal from the District Court for Knox County: MARK A. JOHNSON, Judge. Affirmed.

Paul A. Rosberg, pro se.

Douglas J. Peterson, Attorney General, and Justin J. Hall for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

BISHOP, Judge.

## INTRODUCTION

Paul A. Rosberg (Rosberg) filed an action seeking damages against his ex-wife, Kelly R. Rosberg (Kelly) and Knox County District Court Judge James Kube. Rosberg, pro se, appeals from the district court's orders dismissing his complaint and denying various motions, claiming multiple errors in the district court proceedings. We affirm.

## BACKGROUND

On December 16, 2019, Rosberg filed a complaint against Kelly and Judge Kube, alleging that they "conspired together" to "extort money" from him and to deny him his constitutional rights in lawsuits previously brought by him by not allowing the matter to be heard by a jury. He claimed that Judge Kube "attempted to usurp chancery court jurisdiction" to deny Rosberg "from having his lawful day in court" under "Common Law Jurisdiction." Rosberg further asserted that Judge Kube has exhibited bias and "hatefulness" against him during the course of at least two other

- 1 -

proceedings as referenced in his attached exhibits "A" and "B." The attachments to his complaint are orders from previous lawsuits heard in Knox County District Court by Judge Kube in case Nos. CI 18-16 (appealed in case No. A-19-888) and CI 18-17 (appealed in case No. A-19-889). We will address specific provisions in those orders later in this opinion. Rosberg also alleged in his complaint that "Kelly and Kube discuss her crap together and conspire against me and its [sic] no wonder Kube continues to aid and give comfort to her and is working with Kelly against me." Rosberg requested $500,000 from each defendant.

On April 15, 2020, the district court entered an "Order for Stay" due to Rosberg's bankruptcy proceedings then pending in the U.S. Bankruptcy Court for the District of Nebraska, continuing this case to a future date. Documents were later filed reflecting the bankruptcy court's dismissal of bankruptcy petitions filed by Rosberg in 2020 and 2021.

On May 17, 2021, Judge Kube filed a "Motion to Dismiss and for Sanctions," requesting that the district court dismiss Rosberg's complaint for lack of subject matter jurisdiction and failure to state a claim. Judge Kube also requested that the court order sanctions in the form of a "reasonable attorney fee" pursuant to Neb. Rev. Stat. § 25-284(6) (Reissue 2016), claiming that Rosberg "knew or reasonably should have known [his complaint] was frivolous when he filed and served it."

On June 24, 2021, Rosberg filed a "Precapee" requesting that the clerk of the Knox County District Court "convene . . . 12 jurors to hear the issues in this case." The next day, Rosberg filed a "Motion Asking This Common Law Court for Permission to Amend Complaint Adding Additional Defendants"; however, without waiting for permission to do so, on June 29, Rosberg proceeded with filing an amended complaint. In it, he again named Kelly and Judge Kube as defendants, and he added as new defendants, Knox County District Court Judge Mark Johnson, who was presiding over the present case, as well as Attorney General Douglas J. Peterson and Assistant Attorney General Stephanie Caldwell, who were representing Judge Kube in the present case.

A hearing was held on Judge Kube's motion to dismiss on June 29, 2021. At that time, Judge Kube's attorney argued that "Rosberg has yet again filed another what we deem to be a frivolous lawsuit against a judicial officer." It was argued that the case should be dismissed based on the doctrine of "absolute judicial immunity." Sanctions were requested based on the complaint being frivolous. Rosberg argued that the district court did not have jurisdiction because he filed his complaint "within the district court of common law jurisdiction" and not "in the chancery court." He contended this entitled him to a trial by jury. The court stated from the bench that the actions alleged against Judge Kube relate to his rendering of decisions in other cases and that he was therefore "immune from suit." Judge Kube's attorney argued for reasonable attorney fees as sanctions for the frivolous pleading filed by Rosberg. The court informed the parties that "a fair reading of the complaint is that it is frivolous," in that Rosberg "would clearly know or reasonably should have known that his action against Judge Kube was frivolous and made in bad faith and has been filed as a vexatious action."

On June 30, 2021, the district court entered an order consistent with its verbal findings from the bench the day before. The order dismissed Rosberg's complaint against Judge Kube. (We note here that court records indicate that service of summons was never successfully accomplished on Kelly; accordingly, the action against her was dismissed by operation of law. See Neb. Rev.

Stat. § 25-217 (Cum. Supp. 2020) (action dismissed by operation of law as to any defendant not properly served within timeframes specified in statute)). The court scheduled the case for further hearing on an appropriate amount for the fee, as well as to take up Rosberg's motion to amend his complaint.

Rosberg filed a motion to reconsider on July 7, 2021, requesting that the district court void the order dismissing his complaint and to have this matter heard by a jury.

On July 14, 2021, the district court, on its own motion, entered an order quashing Rosberg's amended complaint and quashing the service of summons that had been made upon the newly added defendants. The court held that Rosberg failed to follow Neb. Ct. R. § 6-1115(a) (rev. 2014) by filing an amended complaint without leave of court or written consent of the adverse parties. The court further ordered Rosberg to appear and show cause "why he should not be found in contempt of Court for failing to abide by rules of pleadings and causing service upon persons without authority being first obtained by this Court." The matter was scheduled for further hearing.

On July 26, 2021, Rosberg filed a motion for reconsideration regarding the July 14 order. That same day, Rosberg also filed a motion requesting that Judge Johnson recuse himself from this matter for violating Rosberg's state and federal rights. A remote hearing was held via Zoom, with the district court taking up the issue of sanctions in the form of reasonable attorney fees, its own order to show cause, Rosberg's motions to reconsider the court's June 30 and July 14 orders, and Rosberg's motion to recuse. At that time, Rosberg argued that Judge Kube "damaged" him, suggesting that Judge Kube and Kelly talked to each other and "[t]hen several months later they had their horse and pony show and made it more difficult for [him] to see [his] kids." He claimed there was "a deal going on there," "unlawful things that Kube did in which he didn't have judicial immunity."

The district court entered an order on July 27, 2021, awarding Judge Kube $800 in attorney fees payable by Rosberg. The court further denied Rosberg's motions for reconsideration and motion to recuse. The court granted Rosberg's oral motion to have court-appointed counsel regarding the court's show cause order; counsel was appointed and a hearing on the court's show cause order was scheduled for hearing.

On August 24, 2021, Rosberg, through counsel, filed a "Demand for Jury Trial" in the district court requesting "trial by jury on the Order to Show Cause" entered by the district court on July 14. That same day, Rosberg, through counsel, filed a motion to continue "the trial" on the show cause order and also filed a motion for the district court "to recuse itself from the Order to Show Cause . . . for the reason [that] the Court initiated these proceedings and may be a necessary witness in these proceedings."

On August 25, 2021, Rosberg, pro se, filed a "Dismissal for Defendant, Kelly R. Rosberg," although as noted previously, that dismissal would have already occurred by operation of law. That same day, Rosberg, pro se, filed a notice of appeal, in which he appealed "each and ever[y] rediculas [sic] decision of Chancery Court Judge Johnson and every decision made in this case." In an order entered on September 1, 2021, the district court stayed all proceedings regarding the court's show cause order until disposition of the current appeal.

## ASSIGNMENTS OF ERROR

Rosberg, pro se, assigns several errors on appeal. We note that Rosberg's brief does not comply with appellate court rules. Although he correctly includes an "Assignment of Error" section after his "Statement of the Case," Rosberg proceeds to set forth his arguments in this section rather than doing so later in a separate argument section of the brief. Depending on the particulars of each case, failure to comply with the mandates of Neb. Ct. R. § 2-109(D) (rev. 2021) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all. *Great Northern Ins. Co. v. Transit Auth. Of Omaha*, 308 Neb. 916, 958 N.W.2d 378 (2021), *disapproved on other grounds*, *Clark v. Sargent Irr. Dist.*, 311 Neb. 123, 971 N.W.2d 298 (2022). Since Rosberg's brief provided sufficient argument to adequately apprise Judge Kube and this court of his underlying reasoning for his assigned errors, we proceed to review his allegations on appeal, as did Judge Kube in his brief.

Rosberg claims, reordered and restated, that the district court erred in (1) failing to recuse itself; (2) quashing Rosberg's amended complaint; (3) violating his constitutional rights by dismissing this action without a jury trial; (4) denying him due process of law; and (5) issuing sanctions against him in the form of attorney fees.

## STANDARD OF REVIEW

A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *Tilson v. Tilson*, 307 Neb. 275, 948 N.W.2d 768 (2020).

Permission to amend a pleading is addressed to the discretion of the trial court, and an appellate court will not disturb the trial court's decision absent an abuse of discretion. *Midland Properties v. Wells Fargo*, 296 Neb. 407, 893 N.W.2d 460 (2017).

A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Williams v. State*, 310 Neb. 588, 967 N.W.2d 677 (2021).

Whether the procedures given an individual comport with constitutional requirements for procedural due process presents a question of law, which we independently review. *In re Interest of Landon H.*, 287 Neb. 105, 841 N.W.2d 369 (2013).

On appeal, a trial court's decision allowing or disallowing attorney fees for frivolous or bad faith litigation will be upheld in the absence of an abuse of discretion. *Central Neb. Pub. Power Dist. v. North Platte NRD*, 280 Neb. 533, 788 N.W.2d 252 (2010).

## ANALYSIS

### FAILURE TO RECUSE

Rosberg contends that the district court erred in failing to recuse itself from this case. He states that he has filed lawsuits against Judge Johnson "a number of times" and that Judge Johnson was entered as a "defendant in this case." Brief for appellant at 14.

A party alleging that a judge acted with bias or prejudice bears a heavy burden of overcoming the presumption of judicial impartiality. *Tilson v. Tilson, supra*. A party is said to have

waived his or her right to obtain a judge's disqualification when the alleged basis for the disqualification has been known to the party for some time, but the objection is raised well after the judge has participated in the proceedings. *Thompson v. Millard Pub. Sch. Dist. No. 17*, 302 Neb. 70, 921 N.W.2d 589 (2019). The issue of judicial disqualification is timely if submitted at the earliest practicable opportunity after the disqualifying facts are discovered. *Id.*

Having reviewed the record in this case, we find no error in the district court's denial of Rosberg's request for recusal. In the present matter, Rosberg failed to name Judge Johnson as a defendant in his initial complaint; he did not attempt to do so until over a year later in his amended complaint, and Rosberg filed the motion to recuse nearly a month after his amended complaint. To the extent that Rosberg alleges that his other lawsuits against Judge Johnson warranted recusal in this case, he has waived this argument due to his prior knowledge of any such lawsuits and his failure to seek Judge Johnson's disqualification in a timely fashion. Moreover, we find nothing in the record establishing any bias or prejudice as a matter of law. Accordingly, the court did not err in denying Rosberg's motion to recuse.

QUASHING OF AMENDED COMPLAINT

Rosberg claims that the district court erroneously quashed his amended complaint due to his failure to abide by § 6-1115(a). He claims the rule is "so vague," it is "meaningless." Brief for appellant at 17. He argues that because he is a pro se litigant, the standards of pleading and corresponding rules governing pleadings should be relaxed in this case. He also asserts that "[i]t is ridiculous to make [a] claim that one has to follow some rules of the Supreme Court when the case was filed in the District Court of common law pursuant to Article 5, Section 9 of the Nebraska Constitution." *Id.*

Section 6-1115(a) provides:

Amendments. A party may amend the party's pleading once as a matter of course before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may amend it within 30 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires.

A district court's denial of leave to amend pleadings is appropriate only in those circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated. *Gonzales v. Union Pacific R.R. Co.*, 282 Neb. 47, 803 N.W.2d 424 (2011).

While Rosberg cites to federal authority concerning the relaxation of pleading standards for pro se litigants, the issue is not whether Rosberg's pleadings satisfy a particular standard. Rather, the issue is Rosberg's failure to await the district court's leave for him to file an amended complaint. Section 6-1115(a) is clear: once a responsive pleading is filed by the opposing party, the party seeking to amend his or her pleading must be granted leave of the trial court or the written consent of the opposing party before an amended pleading may be filed. In following the rules promulgated by the Nebraska Supreme Court, pro se litigants are held to the same standards as a litigant represented by counsel. See *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015). In the present case, Judge Kube filed a motion to dismiss prior to Rosberg's amended complaint,

and Rosberg was therefore required to receive either leave of the court or Judge Kube's written consent before filing his amended complaint. Rosberg was not denied access to open courts in this matter; he failed to abide by rules applicable to pro se and represented litigants alike. We accordingly find no abuse of discretion in the district court's order quashing Rosberg's amended complaint.

DISMISSAL WITHOUT JURY TRIAL

Rosberg claims the district court erred in dismissing his complaint without a trial by jury. Rosberg relies on Neb. Const. art. V, § 9, which states, "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide; and the judges thereof may admit persons charged with felony to a plea of guilty and pass such sentence as may be prescribed by law." He further argues that his right to a trial by jury is guaranteed by the Seventh Amendment to the U.S. Constitution ("[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved") and Neb. Const. art. I, § 6 ("right of trial by jury shall remain inviolate"). However, a plaintiff's ability to get to the trial phase of an action necessarily requires surviving pretrial motions that may be raised by an opposing party.

In the present case, Judge Kube filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(1) ("lack of jurisdiction over the subject matter") and § 6-1112(b)(6) ("pleading fails to state a claim upon which relief can be granted"). Whether a complaint fails to state a claim upon which relief may be granted is a question of law. See *In re Estate of Ryan*, 302 Neb. 821, 925 N.W.2d 336 (2019) ("A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint, not the claim's substantive merits."). The district court has authority to dismiss a complaint on its own motion where the complaint fails to state a claim. See *Harper v. Clarke*, 14 Neb. App. 649, 713 N.W.2d 502 (2006) (district court may dismiss complaint sua sponte for failure to state a claim without notice when it is patently obvious that plaintiff could not prevail based on the facts alleged in complaint). To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Chaney v. Evnen*, 307 Neb. 512, 949 N.W.2d 761 (2020). When reviewing an order dismissing a complaint, an appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom. *Id.*

Rosberg's complaint in this case is difficult to follow, but he appears to be claiming that Kelly and Judge Kube "conspired together" to "extort money" from him and conspired to deny him his right to a jury trial. Based on arguments he also made at a subsequent hearing, as set forth previously, Rosberg's accusations against Kelly and Judge Kube appear to stem from Rosberg's dissatisfaction with his divorce proceedings and other related cases. Rosberg's complaint alleges that Judge Kube exhibited bias and "hatefulness" against him during the course of at least two other proceedings in case Nos. CI 18-16 and CI 18-17, both filed in Knox County District Court. He bases these allegations on language used in orders entered by Judge Kube in those cases.

In case No. CI 18-16, after an evidentiary hearing, an order was entered dismissing Rosberg's complaint against Kelly with prejudice. In that order, Judge Kube pointed out that the complaint related to matters which arose during the parties' marriage and that the complaint's eight causes of actions had all been raised in prior cases and had been dismissed. The court specifically

found that the complaint was frivolous because it was "repetitious of past filings which were properly dismissed or were appealed and dismissed." Rosberg was "admonished" that any attempts "to litigate any causes of action addressed" by the district court in that case would "subject [Rosberg] to the contempt powers of" the district court.

In case No. CI 18-17, Rosberg sued a bank for allowing Kelly to transfer funds from one account to another. In February 2019, summary judgment was granted in favor of the bank and Rosberg's motion to recuse the judge was overruled. In overruling the motion to recuse, Rosberg directs us to language in the order where the court indicates that Rosberg "provides the same tired argument that he has made on many other occasions and many other cases. . . . [that] the chancery court judge has no jurisdiction to hear this case and that it must be heard by a jury." The order stated that Rosberg "is frustrated since no one seems to listen or agree with 'Professor Rosberg's' interpretation of constitutional law in this regard."

It is evident that the underlying basis for Rosberg's complaint in the present matter derives from his perception that Judge Kube was biased against him, as allegedly indicative in the language set forth above, and that Judge Kube potentially conspired with Kelly, all in an effort to deny Rosberg his right to a trial by jury. Rosberg appears to believe that a jury trial would have resulted in a better outcome for him in his various cases, and that Judge Kube allegedly acted outside his role as a judge in how he handled the cases before him. None of Rosberg's allegations, however, are sufficient to establish that Judge Kube acted outside his official functions and judicial capacity.

Nebraska case law provides that "except where a judge knowingly acts in the clear absence of all jurisdiction, the judge is immune from civil actions for damages arising out of acts performed in the course of the judge's official functions and judicial capacity." *Billups v. Troia*, 253 Neb. 295, 297, 570 N.W.2d 706, 707 (1997). Rosberg's allegations, including his reliance upon the language contained in the orders in case Nos. A-19-888 and A-19-889, do not demonstrate bias by Judge Kube, nor do they support any action outside the scope of his jurisdiction as a judge of the district court.

Accordingly, we conclude it was appropriate for Judge Johnson to dismiss Rosberg's complaint in the present matter for failing to state a claim for which relief may be granted. Since Rosberg's complaint failed to properly state a claim for relief, he had no right to a trial by jury.

DENIAL OF DUE PROCESS

Rosberg contends that the district court "denied and prevented [him] from having due process and equal protection of the law." Brief for appellant at 16. No further argument for this error is provided in his brief. Arguments which essentially restate an appellant's assignment of error do not constitute the required argument in support of the assigned error. *Livingston v. Metropolitan Util. Dist.*, 269 Neb. 301, 692 N.W.2d 475 (2005). We accordingly decline to address this assigned error.

SANCTIONS

Rosberg claims the district court erred in imposing sanctions in the form of attorney fees. He alleges that the court had "no right to impose sanctions . . . and make him pay attorney fees to the opposing attorney[] because that attorney [was] already getting paid by the State of Nebraska." Brief for appellant at 18. He further asserts that he cannot be sanctioned for the exercise of his

constitutional rights to file actions pro se and thereby be denied access to the Nebraska court system.

Neb. Rev. Stat. § 25-824 (Reissue 2016) permits the court to order a litigant to pay attorney fees as a sanction if the court determines that the litigant's claim is frivolous or made in bad faith. With respect to pro se litigants, § 25-824(6) provides in pertinent part:

No party who is appearing without an attorney shall be assessed attorney[] fees unless the court finds that the party clearly knew or reasonably should have known that his or her action or defense or any part of such or defense was frivolous or made in bad faith . . . .

A frivolous action is one in which a litigant asserts a legal position wholly without merit; that is, the position is without rational argument based on law and evidence to support the litigant's position. *Nathan v. McDermott*, 306 Neb. 216, 945 N.W.2d 92 (2020). The term frivolous connotes an improper motive or legal position so wholly without merit as to be ridiculous. *Id.* On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion. *Id.* A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

As a precursor to our review of the matter of sanctions in this case, we note that in interwoven and interdependent cases, an appellate court may examine its own records and take judicial notice of the proceedings and judgment in a former action involving one of the parties. See *Western Ethanol Co. v. Midwest Renewable Energy*, 305 Neb. 1, 938 N.W.2d 329 (2020). As the State identifies in its brief, Rosberg has filed numerous lawsuits in Nebraska courts in which the courts, both trial and appellate, have addressed the nature and scope of the district court's jurisdiction and Rosberg's claim of the right to a trial by jury under Nebraska law. See, e.g., *Rosberg v. Rosberg*, No. A-18-790, 2019 WL 5151482 (Neb. App. Oct. 15, 2019); *Rosberg v. Rosberg*, No. A-17-1229, 2019 WL 1914915 (Neb. App. Apr. 30, 2019); *Rosberg v. Rosberg*, No. A-17-909, 2019 WL 1906234 (Neb. App. Apr. 30, 2019). Rosberg has repeatedly made the same arguments concerning his right to a jury trial in matters where the right to a jury trial is not implicated, and Nebraska courts have addressed these arguments in each case. We conclude that the district court did not abuse its discretion in finding that Rosberg knew or should have known that his complaint was frivolous and made in bad faith. Consequently, the court did not abuse its discretion in imposing sanctions against Rosberg in the form of $800 in attorney fees.

CONCLUSION

For the reasons set forth above, we affirm the order of the district court dismissing Rosberg's complaint with prejudice and imposing sanctions.

AFFIRMED.